HERMON v. SILVER.

1. Comp. Laws, § 5090, subd. 3, requiring that, when a motion for a new trial is made on a bill of exceptions or statement, appellant shall, if the notice of intention designates as the ground of motion insufficiency of the evidence or errors of law, specify the particulars in which the evidence is insufficient, and the particular errors of law; and subdivision 4, requiring that, when the motion is to be made on the minutes of the court, the notice of intention shall specify the particulars in which the evidence is insufficient, or the particular errors of law—are mandatory, and, where not complied with, neither the trial court nor the supreme court can review the evidence, or the errors of law not so particularly specified.

2. Comp. Laws, § 4593, provides that "the detriment caused by the breach of warranty of the quality of personal property is deemed to be the excess, if any, of the value which the property would have had at the time to which the warranty referred, if it had been complied with,

over its actual value at that time." In an action for the purchase price of shoes, defendant set up a breach of warranty as a defense, and requested an instruction that "the measure of damages is the actual value of the goods if they had been as warranted, and what they were when delivered to a person in the line of a retail dealer, and making it his business to sell shoes to the general public for a business." *Held*, that the requested instruction did not state the rule of damages correctly, and was therefore properly refused; an instruction according with the statute being given instead.

(Opinion filed April 1, 1902.)

Appeal from Lawrence county court. HON. FRANK J. WASHABAUGH, Judge.

Action by Joseph H. Harmon against Oscar Silver to recover for goods and merchandise sold and delivered. Judgment for plaintiff, and defendant appeals. Affirmed.

*James P. Wilson*, for appellant.

*McLaughlin & McLaughlin*, for respondent.

CORSON, J. This is an action by the plaintiff, as assignee, to recover of the defendant the value of certain goods, wares, and merchandise sold to the defendant by the plaintiff's assignors. The case was tried by a jury which rendered a verdict in favor of the plaintiff for the sum of $522, and from the judgment entered thereon defendant has appealed.

. It is contended on the part of the respondent that there is nothing before the court for review except the judgment roll, as there is no specification of the particular errors relied on, annexed to or made a part of the bill of exceptions. The record discloses that on the 28th day of July, 1900, the defendant served a notice of intention to move for a new trial, and that said motion would be based on the minutes of the court, and upon a bill of exceptions on the following grounds: "(1) Errors of law occurring at the trial;

(2) the court erred in refusing to give the defendant's instructions marked 'Refused'; (3) insufficiency of the evidence to justify the verdict; (4) the evidence conclusively showed the value of the property to be much less than the verdict rendered; (5) the verdict is against the evidence; (6) the verdict is contrary to law." On September 24th the defendant served a notice of motion for a new trial, in which he stated said motion would be based upon the minutes of the court, errors of law occurring at the trial, and upon the bill of exceptions made therein, and insufficiency of the evidence to justify the verdict. On the 6th day of October the motion was heard and denied. The record further discloses that the bill of exceptions was not settled until December 8th. It would seem, therefor, that the motion for a new trial was in fact made upon the minutes of the court. Subdivision 4, § 5090, Comp. Laws, provides that: "When the motion is to be made upon the minutes of the court, and the ground of the motion is the insufficiency of the evidence to justify the verdict or other decision, the notice of intention must specify the particulars in which the evidence is alleged to be insufficient; and, if the ground of the motion be errors in law occurring at the trial, and excepted to by the moving party, the notice of intention must specify the particular errors upon which the party will rely. If the notice do not contain the specifications here indicated, when the motion is made on the minutes of the court, the motion must be denied." In this case neither the notice of intention nor notice of motion contains any specifications of the particular errors upon which the appellant intended to rely, except as to the instruction requested on the part of the defendant and refused by the court. If it should be claimed that there was in fact a bill of exceptions upon which the motion for new trial was heard in the court below, the appellant is in no better position, for the

reason that, when the motion for a new trial is made upon a bill of exceptions or statement, the appellant must, if the notice of intention designates as the ground of motion the insufficiency of the evidence to justify the verdict, specify the particulars in which such evidence is alleged to be insufficient, and, when the notice of intention designates as the ground of motion errors in law, the statement shall specify the particular errors upon which the party will rely. If no such specification is made, the statement must be disregarded on the motion. Subdivision 3, § 5090, Comp. Laws. When the record discloses no such specification of particulars, neither the trial court nor this court is authorized to review the evidence, or any alleged error of law not so particularly specified. Land Mortgage Co. v. Case, 13 S. D. 28, 82 N. W. 90. See also cases therein cited. The provisions of the statute are mandatory, and the specification of the particulars required constitutes an essential part of a bill of exceptions or notice of intention in the cases specified in subdivision 4, § 5090, and cannot be dispensed with.

The notice of intention annexed to and made a part of the bill of exceptions does particularly specify the court's alleged error in refusing the instruction requested on the part of the defendant marked "Refused." The alleged error was properly before the trial court, and will be reviewed by this court. That instruction reads as follows: "That the court instruct the jury that in arriving at a verdict in this case, that the measure of damages in this case is the actual value of the goods if they had been as warranted, and what they were when delivered, to a person in the line of a retail dealer, and making it a business to sell shoes to the general public for a business." This instruction does not state the rule of damages in such a case correctly. Section 4593, Comp. Laws, lays down the rule of damages in such an action as follows: "The det-

riment caused by the breach of a warranty of the quality of personal property is deemed to be the excess, if any, of the value which the property would have had, at the time to which the warranty referred, if it had been complied with, over its actual value at that time." The lawmaking power having prescribed the rule for the measure of damages in such cases, the trial court was not authorized to lay down a different rule. The court, in the second instruction requested on the part of the plaintiff, laid down the rule correctly as prescribed by the statute. The court therefore committed no error in refusing the instruction requested and refused.

No error appearing in the judgment roll, the judgment of the court below and order denying a new trial are affirmed.