## NORDIN v. BERNER *et al.*

1. Appeal will not lie where there is merely a verdict, Comp. Laws, §§ 5214, 5216, authorizing it only from a judgment or order.
2. Sufficiency of the evidence cannot be considered on appeal, without an assignment of error questioning it.
3. Assignments of error not discussed in the brief will be presumed to have been abandoned.

(Opinion filed July 2, 1902.)

Appeal from circuit court, Clark county. HON. JULIAN BENNETT, Presiding Judge.

Action by Hanna Nordin against Theodore L. Berner and others. Judgment for plaintiff. Defendants appeal. Dismissed as to one, and affirmed as to the others.

The facts are stated in the opinion.

*F. E. Strawder,* for appellants.

*S. A. Keenan,* for respondent.

CORSON, J. This is an appeal by the defendants from a judgment entered in favor of the plaintiff. The plaintiff, who was formerly the wife of one Peter Nordin, brought this action against the defendant Berner, who was engaged in the business of selling intoxicating liquors in Clark county, and the sureties on his bond, and also Kjos & Bjornethum, co-partners, also engaged in the same business in said county, and their sureties, to recover damages alleged to have been sustained by her by reason of the loss of support for herself and her children, caused by the sale of intoxicating liquors to her said former husband. The defendant Theodore L. Berner was not served with process, and never appeared in the action, but his name was included in the verdict returned against the defendants. No judgment, however, was entered against him; and no motion

was made in the court below to correct the verdict, or to have said Berner's name stricken therefrom. When the case was called for argument in this court, the appeal as to the defendants Carl Norling, August Johnson, E. J. Ginther, Daniel Crowley, Jerry Crowley, and C. H. Aldous, sureties on the bond of said Berner, was dismissed upon the motion of the respondent; it appearing that the appeal as to them was unauthorized, being taken without their consent. As before stated, no judgment has been entered against said Berner, and his appeal is not properly in this court, and must therefore be dismissed, as an appeal can only be taken from an order or judgment. Comp. Laws, §§ 5214-5216.

The appellants assigned numerous errors of law occurring at the trial, but the only one that is discussed in their brief is the first, which reads as follows: "The court erred in denying the motion of the defendants Norling, Johnson, Ginther, the two Crowleys, and Aldous to dismiss this action as to them for the reason that they are bondsmen of one T. L. Berner, one of the principal defendants, and who has not been served with a summons in this action." But as the appeal has been dismissed as to these defendants, they are not before this court, and the remaining defendants were not necessarily prejudiced by the ruling, if in fact erroneous; and hence this assignment need not be further considered.

It is further contended on the part of the appellants that all the evidence admitted at the trial connecting Berner and his sureties with the action was improperly admitted, and hence the judgment for that reason should be reversed, as a jury, without that evidence could not have found a cverdict in favor of the plaintiff. But the defendants who are before the court are not in a position to raise that question, for the reason that they have not assigned as error that the evidence was insufficient to support the verdict. The evidence,

therefore, cannot be reviewed by this court, as we cannot look into the bill of exceptions for the purpose of determining whether or not the evidence is or is not sufficient to support the verdict. We must presume, therefore, in support of the judgment, that the evidence is sufficient to support the same. This court has uniformly held that assignments of error not discussed in the brief will be presumed to have been abandoned; hence we shall not consider any of the other errors assigned, the same not being discussed or referred to in the brief.

The appeal as to Theodore L. Berner is dismissed, and the judgment of the court below, and order denying a new trial, is affirmed as to the defendants whose appeal has not been dismissed.