## SCOTT *et al.* v. GAGE.

1. Assignments of error not discussed by appellants in their brief will not be considered on appeal.

2. Where a vendee refused to complete a contract for the sale of land by reason of an alleged deficiency in quantity, but it was shown that the contract written by one of the vendor's brokers contained a mistaken description, and included land which the vendor did not own, without his knowledge and consent, but that by reason of the receding of a lake on which the land bordered the farm contracted to be conveyed actually contained more than the number of acres specified, the brokers were not entitled to commission.

(Opinion filed Oct. 7, 1902.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Action by D. A. Scott and another, doing business under the firm name of Scott, Whitehouse & Co., againt L. S. Gage. Judgment for defendant, and plaintiffs appeal. Affirmed.

*Kittredge, Winans & Scott,* for appellants.

*Davis, Lyon & Gates,* for respondent.

FULLER, J. This appeal is from a judgment dismissing the complaint in an action by real estate brokers to recover a commission of $500 for procuring a purchaser for the sale of a farm, which, it is claimed, contained 16 acres less than the amount represented by respondent, by reason of which fact the prospective purchaser refused to consummate the transaction. At the conclusion of all the evidence both parties moved for the direction of a verdict, and it is conceded that there were no facts for a jury to determine. As none of the numerous errors assigned by counsel for appellants relative to the rulings of the trial court on questions of evidence are discussed in their brief, the subject can receive no consideration. Dowdle v. Cornue, 9 S. D. 126, 68 N. W. 194. In the memorandum of sale signed by respondent the land is listed at 440 acres, and described as follows: "N. W. $\frac{1}{4}$, 1, E. $\frac{1}{2}$ N. E. $\frac{1}{4}$; 2—103—53; S. W. $\frac{1}{4}$, 36, Lots 3 & 4 in S. E. $\frac{1}{4}$, 36—104—53." Although respondent read the foregoing description before signing the instrument, which was written by one of the appellants, it appears that a mistake was made as to the range, and there is testimony sufficient to show that lot No. 4, containing about 31 acres, was included in the description without the knowledge or consent of respondent, who, as a matter of fact, did not

own such land, or any part thereof.   Moreover, it was shown
by the undisputed evidence that the premises  border upon and
meander a lake, which has receded to such an extent that the
farm actually contains more than 440 acres without including
lot No. 4, and, in  view of  all  the circumstances, it is evident
that appellants were not entitled to recover.

The judgment dismissing the complaint and for costs is
affirmed.