## CLARK V. MITCHELL et al.

1. Under Rev. Code Civ. Proc. § 303, requiring the bill of exceptions to specify the particular errors on which the party will rely, a bill of exceptions containing no specifications of errors of law, or the particulars in which the evidence is deemed insufficient to sustain the findings of fact, will be disregarded on appeal.

2. A bill of exceptions which is defective, under Rev. Code Civ. Proc. § 303, requiring that it shall specify the particular errors on which the party will rely, is not cured by an assignment of errors presented for the first time on appeal.

3. In the absence of a bill of exceptions, and in the absence of argument or an assignment of error questioning the sufficiency of the facts, it will, on appeal, be presumed that they justify the conclusions of law and the judgment.

(Opinion filed December 2, 1903.)

Appeal from circuit court, Lawrence county. Hon. JOSEPH B. MOORE, Judge.

Action by Horace S. Clark against Clara A. Mitchell and

others. From a judgment for defendants, plaintiff appeals. Affirmed.

*James P. Wilson* and *Granville G. Bennett,* for appellant.
*Moody, Kellar & Moody,* for respondents.

FULLER, J. In this action to quiet title to real property, the defendants prevailed, and plaintiff appeals. After the entry of judgment there was a motion for a new trial, based on a bill of exceptions containing no specifications of errors of law occurring at the trial, or of the particulars in which the evidence is deemed insufficient to sustain the findings of fact. It is settled in this state that such defects are not cured by an assignment of errors presented for the first time on appeal, and that the bill of exceptions must be disregarded, as required by section 303 of the Revised Code of Civil Procedure. "Both the trial court and the adverse party are entitled to know the particular errors of law relied upon, and the particulars in which the evidence is regarded insufficient, and the bill of exceptions or statement used on appeal must contain such specifications." D. S. B. Johnson Land-Mort Co. v. Case, 13 S. D. 28, 82 N. W. 90; Hermon v. Silver, 15 S. D. 476, 90 N. W. 141.

The bill of exceptions being out of the case, it must be presumed, in the absence of argument or an assignment of error raising the point, that the facts found fully justify the conclusions of law and the judgment. Nordin v. Berner, 15 S. D. 611, 91 N. W. 308.

Without reviewing the evidence or any alleged error of law, the judgment appealed from is affirmed.