### EDGEMONT IMP. CO. v. N. S. TUBBS SHEEP CO. et al.

Assignments of error not discussed in appellant's brief are presumed to have been abandoned, and will not be considered.

The rulings, decisions, and judgments of a trial court are presumptively correct, and it is not the duty of the Supreme Court to seek for reasons to reverse.

A statement in appellant's brief that appellants contend "that under the evidence in the case the plaintiff is not entitled to maintain the action" alludes to no assignment of error, refers to no ruling, and points out no particular wherein the evidence is insufficient, within the rule that statements concerning the evidence are never material except in connection with some ruling on the admission or rejection of evidence, or some particular wherein it is insufficient.

The only facts which the Supreme Court can consider are those established by the pleadings and the trial court's decision.

Mere nonuser of water does not amount to abandonment, nor is mere lapse of time sufficient to establish the same; but in all cases abandonment is a question of intention.

Where a finding was not requested, and the absence of the same was not specified in the bill of exceptions or statement of the case on which the motion for new trial was based, the contention that the court erred in not so finding is not available.

(Opinion filed, April 9, 1908.)

Appeal from Circuit Court, Fall River County. Hon. LEVI McGEE, Judge.

Action by the Edgemont Improvement Company against the N. S. Tubbs Sheep Company and others. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Affirmed.

*W. E. Benedict* and *Ed. L. Grantham,* for appellants.

Under the statute an appropriator of water for irrigation, is one who makes an application of public water on land he owns or

posseses; to perfect an appropriation there must be ownership or possession of land and an application thereon of public water to a beneficial use. Gould v. Maricopa Canal Co., 76 Pac. 598; A. & Enc. Law, 2nd Ed., Vol. 17, p. 516; Black's Pomeroy on Water Rights, Sec. 96-98; Kinney on Water Rights, Sec. 253-259; Barrington & Adams on Mines and Mining, p. 669-671; Hewitt v. Story, 51 Fed. 101; Davis v. Gale, 32 Cal. 27; Utt v. Frey, 106 Cal. 392; Smith v. Hawkins, 110 Cal. 122; Dorr v. Hammond, 9 Colo. 79; New Merger Ditch Co. v. Armstrong, 21 Colo. 357; Hall v. Lincoln, 10 Colo. 360; Hindman v. Rizor, 21 Ore. 112; Ovial v. Prig, 4 M. Co., 65 Pac. 811; Nichols v. Lantz, 47 Pac. 72; Cale v. Logan, 24 Ore. 304; Low v. Rizor, 25 Ore. 551; Morrison v. Winn, 1 Utah 484; Smith v. Green, 109 Cal. 228; Welch v. Garrett, 51 Pac. 405; Stalling v. Ferris, 7 Utah 477; Rutherford v. Lucerne Canal & Power Co. 76 Pac. 445. Conveyance by insufficient deed operates as an abandonment of the water right. Barkley v. Tieleke, 2 Mont. 59. An abandonment of the land for the irrigation of which an appropriation of water is made, is an abandonment of the appropriation, which is not restored by the subsequent acquisition of other lands, not contemplated at the time of the appropriation. Rutherford v. Lucerne Canal & Power Co., 75 Pac. 445. Deeds and contracts to convey a portion of the homestead made prior to final proof are null and void and unenforceable. Moorehouse v. Phelps, 21 How. 294; Croll v. Bay Mfg. Co., 36 So. 361; Fleicher v. Fleicher, 91 N. W. 51; Am. & Eng. Encl. Law, 2nd Ed., Vol. 26, p. 408; Grass v. Hafeman, 97 N. W. 430; Anderson v. Corkins, 135 U. S. 483; Corly v. Getchall, 62 N. W. 1003; Moore v. Moore, 62 Pac. 294.

*Loomis S. Cull* and *Chauncey L. Wood,* for respondent.

A right-of-way deed was taken from each homestead accupant through whose land the canal passed, and a homesteader who had made his entry and occupied his homestead, but before final proof, has the right to convey these lands for this purpose and in this way. Revised Statutes U. S. Sec. 2288; 1 Supp. Rev. St. W. S. 942, Sec. 3. A ditch constructed on unoccupied public lands is held by "grant" and not forfeited by non-user. Non-user for causes beyond the control of the owner is not evidence of intention

of abandonment. Welch v. Garrett, 51 Pac. 405; Ada County Farmers' Irr. Co. v. Farmers' Canal Co., 51 Pac. 990; S. Jennison v. Kirk, 98 U. S., Book 25, L. Ed., foot page 240; Miller v. Douglas, 60 Pac. 722; Long. on Irrigation, sec. 66, page 119; Broder v. Natoma Water & M. Company, 101 U. S., L. Ed., 790; Welch v. Garrett, 51 Pac. 405.

HANEY, P. J. This is an action to determine adverse claims to certain real property and a water right. Plaintiff alleges, in substance, that it is the owner and entitled to the possession of a certain dam, dam site, and reservoir site, including the land covered thereby, a certain irrigation ditch known as the "Edgemont Canal," a strip of land 50 feet in width extending the length of such canal, and a certain water right located and established by one Francis C. Grable, December 7, 1893; that defendants claim some right or interest in said property adverse to the plaintiff; and that they have unlawfully entered upon the premises described in the complaint and ejected the plaintiff therefrom. Defendants, in effect admit they are in possession of the premises in controversy, deny that plaintiff is the owner thereof, and allege that whatever rights it may have formerly acquired were lost by abandonment. They also allege that the plaintiff is estopped from asserting claim to the property by reason of its having permitted defendants to expend large sums of money in repairing the dam and canal. The cause having been tried by the court without a jury, a decision rendered in favor of the plaintiff and defendants' application for a new trial denied, this appeal was taken.

Appended to appellants' abstract, containing 161 pages, are 26 assignments of error, many of which embrace several distinct rulings of the trial court. Appellants' brief, containing 40 pages, nowhere refers to any assignment of error. Assignments of error not discussed in appellants' brief will be presumed to have been abandoned, and will not be considered. Nordin v. Berner, 15 S. D., 611, 91 N. W. 308; Scott v. Gage, 16 S. D. 285, 92 N. W. 37; Dowdle v. Cornue, 9 S. D. 126, 68 N. W. 194. "Attorneys should assign such errors only as are to be presented to the appellate court on the argument, and in preparing their briefs should plainly and concisely state the points upon which they rely for affirmance or

reversal, and take them up seriatim. One live point is better than any number of weakly ones, and one well-established legal principle or conclusion applicable to the case before the court, or clearly demonstrated fact decisive of the case, is more effectual than volumes of false or abstract reasoning, or misty or reckless statements." McCormick v. Phillips, 4 Dak. 506, 547, 34 N. W. 29. Causes brought to this court by writ of error or on appeal are not triable de novo. The rulings, decisions, and judgments of trial courts are presumptively right. It is not the duty of this court to seek for reasons to reverse the circuit court. The only logical and lawyerlike way of presenting a case for review is to point out the particular rulings alleged to be erroneous in the order in which they are made. Statements concerning the evidence are never material except in connection with some ruling on the admission or rejection of testimony, or some particular wherein the evidence is alleged to be insufficient to sustain the verdict or decision. There is, therefore, nothing in appellants' brief deserving attention. Nevertheless the following statements will be briefly noted: (1) "We contend that under the evidence in the case the plaintiff is not entitled to maintain the action." Manifestly this alludes to no assignment of error; refers to no ruling of the court, and points out no particular wherein the evidence is insufficient to sustain the decision. (2) "Further, we contend that the water right has been abandoned, and that contention is supported by the following facts established by the evidence." The only facts which this court can consider are those established by the pleadings and the decision of the trial court. The learned circuit judge found as a fact, and his finding is amply sustained by the evidence, that "there was no intention on the part of the said Edgemont company to abandon its said water right, ditch, or canal, or any of the appurtenances thereto belonging." It is well settled that mere nonuser of water does not amount to abandonment, nor is mere lapse of time alone sufficient to establish abandonment. In all cases abandonment is a question of intention. 17 Am. & Eng. Ency. Law, 517. (3) "Defendants contend that the court erred in not finding that the plaintiff was estopped from now claiming the property." This

contention is not available, for the reason there is no assignment of error to support it. A finding to that effect was not requested, and the absence of such a finding was not specified in the bill of exceptions or statement of the case upon which the motion for a new trial was based. As we understand the record, the only real issue was the alleged abandonment upon which defendants relied when they attempted to acquire the property in controversy, and upon which issue the learned court found in favor of the plaintiff.

The judgment and order appealed from are affirmed.

CORSON, J. (concurring specially). I fully concur in affirming the judgment and order denying a new trial in this case, but I prefer to place my concurrence upon the ground that the record discloses no reversible error. Upon a careful examination of the abstract and brief of counsel I am satisfied that the findings of the court are fully supported by the evidence, that its conclusions of law are correct, and that the court committed no error in its rulings upon the admission or exclusion of evidence.