SMITH, Respondent, v. REID, Appellant.

(244 N. W. 353.)

(File No. 7408. Opinion filed October 4, 1932.)

See, also, 60 S. D. 128, 244 N. W. 81.

*L. E. Waggoner* and *T. M. Bailey,* both of Sioux Falls, for Appellant.

*Odean Hareid* and *Blaine Simons,* both of Sioux Falls, for Respondent.

RUDOLPH, J. The respondent, Ellis O. Smith, commenced this proceeding in circuit court against the appellant, Alex Reid, in December, 1931, for the purpose of determining the right to the office of city commissioner of the city of Sioux Falls. The proceeding is in the nature of quo warranto. The only fact dispute concerns the citizenship of the appellant. It is undisputed

that on the 24th day of April, 1923, the respondent, Smith, was qualified to hold the office of commissioner of the city of Sioux Falls, and on that date he was elected to that office, and thereafter duly qualified and pursued the duties of the office for a period of five years, the term for which he was elected. At the regular city election held in Sioux Falls on the 24th day of April, 1928, the respondent, Smith, was a candidate to succeed himself, and was opposed in that election by the appellant, Reid. Reid received the highest number of votes for the office, was declared elected, and thereafter qualified and assumed the duties of the office. Since the 1928 election Reid has been the acting commissioner. Smith brought this action in his own name claiming a "special interest in the action" under the provisions of section 2784, R. C. 1919, as amended by chapter 289, § 4, Laws of 1919; Smith claiming that, at the time of the 1928 election, Reid was not a citizen of the United States or of the state of South Dakota, and that, by virtue of his (Smith's) election in 1923, he was entitled to the office as a hold-over under the provisions of section 7035, R. C. 1919. The trial court determined, as a matter of fact, that Reid was not a citizen at the time of the 1928 election, that Smith had no knowledge of this fact until shortly prior to the commencement of the action, and determined that Reid was not entitled to hold the office of city commissioner of Sioux Falls. By its judgment the court ousted Reid from that office. The court further determined that Smith had never abandoned the office here in dispute, and that he (Smith) was entitled to the office by virtue of the 1923 election. Reid has appealed from the judgment and order denying his motion for a new trial.

■■ To maintain the action, Smith, as plaintiff, must show that he has a special interest; namely, a right to the office. Gibbs v. Bergh, 51 S. D. 432, 214 N. W. 838, 841. The appellant contends, first, that Smith has no right to the office, for the reason that the term of office of city commissioner is limited to five years, and the officer does not hold over until his successor is elected. We believe section 7035, R. C. 1919, is a complete answer to this contention of appellant. The office of city commissioner is a public office within the meaning of that section of our Code. The contention is also made that said section 7035 was no part of our

law prior to the adoption of the 1919 Code, and that it was no part of the legislative intent, in enacting the South Dakota Revised Code of 1919, to make said section 7035 applicable to the office of city commissioner. With this contention we do not agree. The said section is unambiguous; it applies to "every lawful incumbent of any public office, with a definite term." Conceding the rule as contended by the appellant, viz., that changes in revision will not be considered as altering the law, unless it is clear that such was the intention, we inquire, what language could more definitely express an intention to include, within the meaning of this section, every public office to which is atatched a definite term, than the language just above quoted? The Code commission was created by chapter 156, Laws of 1917, with power "to eliminate all statutes that are inoperative or that have been repealed, to incorporate all amendments and include all new statutes and to add to or take from such laws and statutes whatever may be necessary to make a perfect, complete and consistent Code of Laws." Section 2, Chapter 300, Laws of 1919, enacted the South Dakota Revised Code of 1919 as the laws of this state.

The appellant next contends that, prior to the commencement of this action, Smith had abandoned the office, and therefore had no right to the same or "special interest in the action." In all cases abandonment is a question of intention. True, the intention may be inferred from acts, but mere nonuser does not amount to abandonment, nor is mere lapse of time alone sufficient to establish abandonment. Edgemont Implement Co. v. Tubbs Sheep Co., 22 S. D. 142, 115 N. W. 1130. The trial court found "that at the time the said Alex Reid purported to enter upon his duties as city commissioner of the said city of Sioux Falls, the said Ellis O. Smith had no knowledge that the said Alex Reid was not a citizen of the United States or of the state of South Dakota, and that as soon as Ellis O. Smith learned that the said Alex Reid was not a citizen of the United States, he demanded without delay of the said Alex Reid that he surrender the said office and its duties to him, and that upon the refusal of the said Alex Reid to surrender the said office he immediately instituted these proceedings." This finding is challenged only as follows: "For the reason that the plaintiff would be presumed to

have knowledge of the public records, and said plaintiff had as much knowledge of the status of Alex Reid by reason of said notice conveyed by said public records at the time of the election of said Alex Reid as he had at the time of the institution of these proceedings."

Conceding that the plaintiff was charged with knowledge of what the public records of Minnehaha county showed or failed to show, certainly he was not charged with knowledge that no record of any court of record in this land showed the naturalization of Reid as a citizen. Reid, although a resident of Minnehaha county for many years, might have been naturalized in California or New York. The simple fact that the records of Minnehaha county failed to show that Reid was a citizen even when coupled with the knowledge of Reid's long residence in Minnehaha county could impart no notice that Reid was in fact not a citizen. The above finding of the trial court being challenged only in the particular above set out, and this court being convinced that the contention of appellant, viz., that the lack of a record showing naturalization in a county where a person has long resided imparts constructive notice that such person is not a citizen (if in fact he is not a citizen), is without merit, we must therefore accept the finding of the trial court and treat as established the fact that at the time Smith surrendered the office to Reid he had no knowledge that Reid was not a citizen. This court in the case of Gibbs v. Bergh, supra, which also was a proceeding in the nature of quo warranto contesting an election in Sioux Falls, announced a rule, as follows: "But before he [the plaintiff and one asserting his right to the office] can be charged with a waiver of his rights he must have full knowledge of his rights and of the facts which will enable him to take effectual action to prevent infringement of such rights. * * *"

In the case of Turnipseed v. Hudson, 50 Miss. 429, 19 Am. Rep. 15, cited with approval in the Gibbs-Bergh Case, the plaintiff voluntarily surrendered the office to the defendant after signing an agreement to abide the results of a certain primary election, yet the court held there was no abandonment. As in that case, so is the record here replete with a refutation that the plaintiff surrendered the office with a determination to vacate it because he did not wish to hold it. Smith surrendered the office to Reid in the

honest belief (in which he now contends he was mistaken) that Reid was a citizen of the United States; immediately upon satisfying himself that he was mistaken in this belief, he openly asserted his rights to the office, and without delay commenced this proceeding. We do not believe it can be said that Smith "had full knowledge of his rights and the facts which will (would) enable him to take effectual action to prevent infringement of such rights." Reid has lived in Sioux Falls since 1886, and during that time has held public office and generally exercised the privileges of a citizen. Reid was successful in this last election as he had been in others in the city. Smith acted naturally under these circumstances, and voluntarily surrendered the office, and refrained from asserting any right thereto until such time as he learned (we know not how) that there was some question regarding the citizenship of Reid, when he immediately asserted his right to the office. The trial court did not err in concluding that Smith had not abandoned the office.

We agree with the views of CAMPBELL, P. J., expressed in his concurring opinion filed herein. This disposes of the question of Reid's citizenship, so far as this case is concerned, and precludes us from reviewing the determination of this question as made by the trial court.

CAMPBELL, P. J. Explicit in the findings and implicit in the judgment of the court below are two fundamentally essential propositions: First, that respondent, Smith, has a special interest in the matter sufficient to authorize him to maintain the action; second, that appellant, Reid, is not a citizen of the United States. I concur fully and in all respects in the foregoing opinion by RUDOLPH, J., which deals particularly with the rights and special interest of respondent, Smith, and now undertake to express the views of the court with reference to that portion of the present appeal which seeks a review of the trial court's determination that appellant, Reid, is not a citizen of the United States.

Subdivision 10 added to section 4, Act of June 29, 1906, c. 3592 (34 Stat. at Large 596), by Act of May 9, 1918, c. 69, § 1 (40 Stat. at Large, 542, 545), as amended by Act of May 25, 1932, c. 203, § 10 (8 USCA § 377), reads as follows: "Any person not an alien enemy, who resided uninterruptedly within the United

States during the period of five years next preceding July 1, 1920, and was on that date otherwise qualified to become a citizen of the United States, except that he had not made a declaration of intention required by law and who during or prior to that time, because of misinformation regarding his citizenship status erroneously exercised the rights and performed the duties of a citizen of the United States in good faith, may file the petition for naturalization prescribed by law without making the preliminary declaration of intention required of other aliens, and upon satisfactory proof to the court that he has so acted may be admitted as a citizen of the United States upon complying in all respects with the other requirements of the naturalization law. (* * * As amended May 25, 1932, c. 203, § 10, 47 Stat. 166.)"

Shortly prior to the oral argument upon this appeal, it was made to appear by affidavit that appellant, Reid, subsequent to his appeal, and on or about August 20, 1932, had instituted proceedings in the District Court of the United States at Sioux Falls, S. D., seeking naturalization; that in such proceedings he sought to avail himself of the statute above set out, and alleged in substance that he had for many years believed himself a citizen of the United States and exercised the rights of citizenship in good faith, not discovering his mistake until December, 1931, when the circuit court of Minnehaha county determined that he was not a citizen; that in such proceedings in federal court defendant, Reid, had stated under oath that he intended and desired "to renounce absolutely and forever all allegiance * * * to George V * * * of whom at this time I am a subject. * * *"

Application was made to this court pursuant to order to show cause asking that certified copies of the various documents executed and filed by appellant in his proceeding in the federal court be added to the record herein and be considered by this court in connection with the present appeal. Respondent contends that this particular conduct of the appellant, Reid, pending the appeal is a matter proper for our consideration, and is decisive of the rights of the parties as to that portion of the present appeal which seeks to review the adjudication of the circuit court that Reid is not a citizen of the United States.

We announced during the oral argument that the

application so to supplement the record would be granted. We think we were correct in so holding, and we are further of the opinion that the conduct of Reid subsequent to the taking of his appeal as evidenced by the copies of federal court records so admitted controls the situation before us so far as concerns any review of the trial court's determination on the citizenship point. It is true that this is an appellate court, and that its review, generally speaking, is properly confined to matters presented in the lower court, and that such review will not ordinarily be affected by events subsequent to the taking of the appeal. Such statement, however, is not universally true. Under some circumstances subsequent occurrences may affect the review in this court. Or perhaps it is more nearly accurate to say that sometimes subsequent happenings may create a situation where an appellate court will refuse to review all or some of the matters sought to be presented by the appeal. It is not necessary here to cite or refer to cases wherein questions presented for review by appeal have become moot because of subsequent happenings or cases where pending the appeal the party appellant has voluntarily performed and satisfied the judgment appealed from. In such cases, of course, the appellate court will not proceed further with its review. The present situation is not perhaps precisely parallel to the cases wherein a question becomes moot pending appeal or the judgment appealed from is voluntarily satisfied by the appellant, but in principle it is not distinguishable from such cases.

The learned circuit judge held that appellant, Reid, is not a citizen of the United States. By taking his appeal, Reid questioned that determination and sought review and reversal thereof in this court, necessarily predicating his claim for reversal upon the theory that he was in fact a citizen of the United States, and that the determination otherwise by the circuit court was wrong. Having become a suitor asking the aid of this court upon that theory, he must maintain some degree of consistency in his position. He should not play fast and loose with this court, nor subsequently assume in solemn and formal proceedings in other courts a position entirely inconsistent with that adopted before us, and entirely inconsistent with the only theory which entitles him to a review of the question involved in his appeal to us. The federal statute

which appellant invoked is not an act for the benefit of those who claim that they are in fact citizens and desire to secure record proof thereof. It is, by its express terms, a statute for those who were misinformed as to their citizenship status and for those who presently admit that they have erroneously (although in good faith) exercised the rights of citizenship. When appellant, Reid, elected to proceed under that statute, he admitted, not only by the sworn declarations of the papers he filed therein, but by the very act of proceeding, that he was not in actual fact a citizen of the United States, and that his pre-existent belief that he was a citizen, although a good-faith belief, was a mistaken belief. In other words, by his declaration and conduct, he admitted the truth of one of the ultimate facts adjudicated against him by the circuit court, which adjudication he had been asking this court to review, to wit, the fact that he was not a citizen of the United States. We do not wish to be understood as holding that every subsequent admission or statement by a party pending appeal,, inconsistent with the position he has taken in this court, wherever or however made or evidenced, may be introduced in the record here or considered by this court. Indeed, such will not usually be the case. We do hold, however, that, when an appellant, pending decision of his appeal, of his own motion inaugurates other proceedings in a court of record in this state, which proceedings are maintainable only upon a theory consonant with the correctness of the ruling which he is seeking to review in this court, and when the position necessarily and voluntarily assumed by the appellant in such subsequent independent proceedings so commenced by him is utterly inconsistent with the theory that the determination which he is seeking to review on appeal is wrong, then this court, when such subsequent conduct of the appellant is properly made to appear in its records, will not further examine at his instance or for his benefit the question of the correctness of the determination sought to be reviewed on appeal.

Under the circumstances now appearing in this cause, appellant, Reid, cannot expect this court to do otherwise than he himself has done in the federal court; that is, in substance, to accept as correct the determination of the circuit court that he is not a citizen of the United States. By his subsequent conduct evidenced

in the manner and form appearing in this case, appellant will be deemed to have abandoned his appeal (whether intentionally or not) so far as concerns the question of citizenship.

This decision on the citizenship feature, together with the views announced in the foregoing opinion of RUDOLPH, J., as to the right of respondent, Smith, to maintain the action, disposes of all issues in the case, and the judgment and order appealed from are affirmed.

POLLEY, ROBERTS, and WARREN, JJ., concur in both of the foregoing opinions.