KNOCKENMUSS, Appellant v. DeKERCHOVE, Respondent

(285 N. W. 441.)

(File No. 8178.   Opinion filed April 14, 1939.)

*Thos. G. Wall,* of Sturgis, for Appellant.

*Philip & Leedom,* of Rapid City, for Respondent.

ROBERTS, J.   This action was commenced by Fred J. Knockenmuss, representing himself to be "a resident taxpayer and duly qualified elector and voter in the city of Rapid City," against

Norbert DeKerchove, having for its purpose the determination of the right of defendant to hold the office of city commissioner of Rapid City.

Counsel for the plaintiff called the attention of the state's attorney of Pennington County, South Dakota, to the alleged ineligibility of the defendant to hold the office and requested the state's attorney to commence an action to oust the defendant from office. The state's attorney declined to proceed and plaintiff then applied to the circuit court for leave to bring an action. The court granted the request.

The complaint alleges that defendant was inducted into office by virtue of an election held on April 20, 1937, and presumes to hold the office without lawful right; that defendant is ineligible to hold the office for the reason that he "was born in Canada in the Province of Quebec * * * and has ever remained a subject of Great Britain and Canada." It is alleged that Charles Aagard was legally elected, but it is not alleged that he or any other person is asserting any claim to the office. Defendant filed a demurrer to the complaint. Upon presentation to the court, the demurrer was sustained, and an appeal was perfected to this Court.

■ The state's attorney is authorized to institute an action in the name of the state, upon his own information or upon the complaint of a private party, under sections 2781 and 2784, Rev. Code 1919, as amended by chapter 289, §§ 1, 4, Laws 1919, providing that the remedies formerly attainable by quo warranto and proceedings in the nature of quo warranto may be obtained by civil action, against any person usurping, intruding into, or unlawfully holding or exercising any public office. Prior to the amendatory act of 1919, such an action to try title to public office could be brought only by the state's attorney. This act distinctly changed the practice which had prevailed by permitting an action to be brought on leave of the court by a person having a special interest. Section 2784, as amended, reads as follows:

"An action may be brought by any State's Attorney in the name of the State, upon his own information, or upon the complaint of a private party, or an action may be brought by any person who has a special interest in the action, on leave granted by the Circuit Court or Judge thereof, against the party offending in the following cases:

"1. When any person shall usurp, intrude into, or unlawfully hold or exercise any public office, civil or military, or any franchise within this state, or any office in a corporation created by the authority of this state; or

"2. When any public officer, civil or military, shall have done or suffered an act which, by the provisions of law, shall make a forfeiture of his office; or,

"3. When any association or number of persons shall act within this state as a corporation, without being duly incorporated."

The statute recognizes rights of action founded upon separate and distinct interests. Usurpation of public office is a public wrong, and the state's attorney may prosecute an action to redress such wrong. The statute also recognizes that there may be instances in which an individual may have an interest entitling him to institute such an action.

Plaintiff emphasizes the fact that the circuit court granted him permission to institute this action. It is evident that if he did not have a "special interest" the court was without authority to grant him leave under this statute, and that defendant was not deprived of the right to challenge the sufficiency of the allegations of the complaint. The question then presented is whether the interest of plaintiff as a citizen and taxpayer was sufficient to entitle him to institute this proceeding.

In Newman v. U. S. ex rel. Frizzell, 238 U. S. 537, 35 S. Ct. 881, 883, 59 L. Ed. 1446, a case involving the right of the plaintiff as a citizen and taxpayer to use the name of the government in quo warranto proceedings, it is said: "Frizzell does not allege that he had been an incumbent of that office and had been unlawfully ousted before his term expired. He does not set up any claim to the office. And, of course, if he, as a citizen and a taxpayer, has the right to institute these proceedings, any other citizen and taxpayer has a similar right to institute proceedings against Newman and all others who 'exercise within the District * * * a public office, civil or military.' District Code, § 1538 (1). Such result would defeat the whole policy of the law which still regards usurpation as a public wrong to be dealt with primarily by the public prosecutors. In a sense—in a very important

sense—every citizen and every taxpayer is interested in the enforcement of law, in the administration of law, and in having only qualified officers execute the law. But that general interest is not a private but a public interest. Being such, it is to be represented by the Attorney General or the district attorney, who are expected by themselves or those they authorize to institute quo warranto proceedings against usurpers in the same way that they are expected to institute proceedings against any other violator of the law. That general public interest is not sufficient to authorize a private citizen to institute such proceedings; for if it was, then every citizen and every taxpayer would have the same interest and the same right to institute such proceedings, and a public officer might, from the beginning to the end of his term, be harassed with proceedings to try his title. * * * The interest which will justify such a proceeding by a private individual must be more than that of another taxpayer. It must be 'an interest in the office itself, and must be peculiar to the applicant'."

This Court has already indicated its opinion that a person who has no greater interest than the public generally cannot maintain an action to try the title to a public officer or to oust an officer who has been inducted therein pursuant to an election. In Gibbs v. Bergh, 51 S. D. 432, 214 N. W. 838, 841, an original proceeding in this Court in the nature of quo warranto to determine the right of defendant to the office of municipal judge, it is said: "But it does not necessarily follow that, because Bergh is not entitled to the office by virtue of the election under which he claims, he must be ousted and Gibbs seated. This is not an action by the state brought by the Attorney General or state's attorney, or by the state upon relation of any one. It is brought by Gibbs in his own name * * *. To maintain the action, Gibbs, as plaintiff, must show that he has a special interest, namely, a right to the office. For that reason, we turn to a consideration of Gibbs' position in relation to the office without regard to the effect of his acts upon the rights of the state." See, also, Smith v. Reid, 60 S. D. 311, 244 N. W. 353.

We think it clear under the statutory provision above quoted that the plaintiff does not have a sufficient interest to maintain this action and that the trial court did not err in sustaining the demurrer to the complaint.

The order appealed from is affirmed.

RUDOLPH and SMITH, JJ., concur.

WARREN, P. J., and POLLEY, J., dissent.

POLLEY, J. (dissenting). I am not able to agree with the majority of the Court in affirming the order appealed from. The demurrer was sustained because the complainant did not allege that he himself was entitled to the office and therefore was not qualified to maintain an action to oust the defendant from office. The law permits any "person who has a special interest in the action," to bring an action. I think any citizen or taxpayer has a special interest in having the affairs of government, whether state or local administered by citizens of the United States. The defendant in this action is an alien—a citizen of Great Britain, and not qualified to hold any public office in this country. I do not see how he could take the oath of office without knowingly committing perjury, and I think the state's attorney was derelict, to the last degree, in the performance of the duties of his office when he refused plaintiff's request to prosecute this action. He could and should have been compelled by mandamus to have brought the action when requested so to do.