## WINGFIELD, PUBLIC EXAMINER, Appellant, v. LITTLE, Respondent.

### (168 N. W. 716).

(File No. 4345.    Opinion filed September 3, 1918.)

**1.   Negotiable Instruments—Maker's Signature—Conflicting Testimony—Evidence, Sufficiency.**

Where the sole issue was whether defendant signed the note sue on, he alone having sworn he did; held, that while to Supreme Court it might seem that his unsupported statement was overcome by testimony of plaintiff's witnesses, yet, the evidence fairly warranting the verdict for defendant, it will not be disturbed.   So held, against the objection that jury "failed to fairly exercise reasoning faculty on the facts."

**2.   Same—Proof of Signature—Credit to Defendant Partnership for Note with Payee Bank, Effect re Evidence of Signing.**

Where the issue in a suit by payee bank upon a note was whether defendant signed same, the fact that plaintiff's books showed that a firm of which defendant was a member received credit for amount of the note, is of little probative force in support of claim that defendant signed the note, though such fact might be controlling in a suit for money had and received.

Appeal from Circuit Court, Lyman County.   HON. WILLIAM WILLIAMSON, Judge.

Action by J. L. Wingfield, Public Examiner, in charge of the Citizens' State Bank of Oacoma, against W. W. Little, to recover upon a promissory note.    From a judgment for defendant, and from an order denying a new trial, plaintiff appeals.    Affirmed.

*Bartine, Bartine & Wall,* for Appellant.

*Albert Williamson,* for Respondent.

WHITING, P. J.   The assignments of error upon this appeal raise but one question meriting our consideration.    Was there evidence sufficient to support the verdict?

[1] Appellant contends that, as in Drew v. Lawrence, 37 S. D. 620, 159 N. W. 274, we should hold that the jury "failed to fairly exercise the reasoning faculty on the facts before them." The sole issue herein was whether respondent signed the note sued on.   He swore that he did not; and while, without being able to

see and hear the witnesses, it might seem to us that his unsupported statement was overcome by the testimony of the witnesses called by appellant, the question of the weight to be given his testimony was a question peculiarly for the jury.   There was evidence which fairly warranted the verdict of the jury.   Hence, under the well-established rule of this jurisdiction, such verdict will not be disturbed.   Brewing Co. v. Mielenz, 5 Dak. 136, 37 N. W. 728; Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128; Drew v. Lawrence, supra.

[2] Appellant lays great stress upon the fact that the bank's books show that a firm, of which respondent was a member, received credit for the amount of this note upon the books of the bank.   We do not consider this fact of much probative force in support of the claim that respondent signed the note, though such fact might be controlling in an action brought for money had and received.

Appellant asks us to examine the signature attached to the note, and to compare same with admitted signatures of respondent.   Among the signatures he would have us consider are those attached to the answer herein.   The record does not disclose that such answer was received in evidence, or that the signatures attached therto were proven to be those of respondent.

The judgment and order appealed from are affirmed.