WEIBEL, Respondent, v. GARDNER, et al, Appellants.

(188 N. W. 741.)

(File No. 4787.  Opinion filed June 13, 1922.)

1.  **Trial—Misconduct of Counsel, Alleged Error Unsupported.**

   An examination of the record on appeal satisfies Court that appellants' claim that by reason of conduct of respondent's counsel appellants were prevented from having a fair trial, is untenable.

2.  **Damages—Exchange of Land for Merchandise—Defendant's and Agent's False Representations Re Land Improvements and Identity—Conflicting Evidence Re Damages, Instructions Proper, Verdict Less Than Half of Plaintiff's Claim, Allowed to Stand.**

   In a suit for damages for false representations by defendant and his agent concerning value of improvements on the land, and its identity, exchanged for merchandise and town lots, plaintiff claiming that if buildings and improvements had been as represented they would have been worth $5600 more than the land and improvements actually conveyed were worth; verdict for plaintiff being for $2370; held, that, the question of damages having been submitted to jury pursuant to appropriate and unexcepted-to instructions, and there being substantial conflict in the evidence as to amount of damage, this Court will not disturb verdict for insufficiency of the evidence, nor review conflicting evidence; the only question being whether there is any competent evidence which will sustain verdict.

Appeal from Circuit Court, Gregory County.  Hon. WILLIAM WILLIAMSON, Judge.

Action by B. P. Weibel, against N. E. Gardner and another, to recover damages for alleged fraudulent representations made by defendants to plaintiff concerning value of improvements upon land exchanged by them to plaintiff for merchandise and town lots.  From a judgment for plaintiff, and from an order denying a new trial, defendants appeal.  Affirmed.

*Charles A. Davis,* and *Doherty & Talbott,* for Appellants.

*W. J. Hooper,* and *J. F. Frame,* for Respondents.

ANDERSON, J. [1] Action is brought to recover damages on account of alleged fraudulent representations made by defendants to plaintiff, by which he was induced to trade his farm stock of merchandise and three lots in Burke, this state, for certain lands in Boyd county, Neb. Plaintiff claims that defendant Gardner was acting both for himself and his codefendant, Short, and that, acting in such capacity, he represented to plaintiff that there were 100 acres of Boyd county land under cultivation; that improvements on the land consisted of a brick house and a frame barn; that defendant Gardner showed him lands which he represented to be the lands conveyed; that plaintiff believed such representations, relied and acted thereon in making exchange of properties; that such representations were false, and that, in making the trade, defendants caused to be conveyed to plaintiff lands other than those pointed out at the time of the making of the contract of exchange, and that the lands shown plaintiff, if they had been as represented, and had the buildings and improvements thereon as represented, would have been of the value of $5,600 more than the lands and improvements that were actually conveyed to plaintiff. Defendants' answer is in substance a general denial. By way of counterclaim defendants allege misrepresentation by plaintiff in relation to some shelving plaintiff failed to deliver in the transfer of properties under the contract and which shelving is alleged to be of the value of $30.

[2] A trial was had to a jury which returned a verdict for plaintiff in the sum of $2,370. Appellants in their first assignment of error contend that, by reason of the conduct of respondent's counsel, appellant's were prevented from having a fair trial. We have carefully examined the basis of this charge, and are satisfied that it is wholly without merit. Appellants further urge that the verdict is excessive, and that it is the product of passion and prejudice. The question of damages was submitted to the jury pursuant to appropriate instructions, to which no exception was taken. There is substantial conflict in the evidence as to the amount of damage. The rule is well settled in this state, as well as other states having similar statutes, that where the evidence is conflicting, and the credibility of the witnesses is involved, or where men of reasonable minds might draw different conclusions therefrom, and the trial court has denied the motion for new trial, as it did

in this case, this court will not disturb the verdict for insufficiency of the evidence. In such case this court cannot review conflicting evidence; and the only question which can be considered is whether there is any competent evidence which will sustain the verdict. Schmidt v. Carpenter, 27 S. D. 412, 131 N. W. 723, Ann. Cas. 1913D, 296; Gartner v. Mohan, 39 S. D. 202, 163 N. W. 674; Wingfield v. Little, 41 S. D. 60, 168 N. W. 716. We have carefully considered the remaining assignments, and are fully satisfied that each and all of them fail to reveal any prejudicial error.

The judgment and order appealed from are affirmed.