ZIMMERMAN, Appellant, v. GROVER et al, Respondents.

(225 N. W. 59.)

(File No. 5947. Opinion filed April 13, 1929.)

*O'Keeffe & Stephens,* of Pierre, for Appellant.
*Martens & Goldsmith,* of Pierre, for Respondents.

MISER, C. In August, 1919, appellant and respondents entered into the following contract: "The party of the first part [re-

spondents] agrees to furnish 250 tons of hay with the privilege of 400 tons. The party of the second part [appellant] agrees to pay $8.00 a ton * * * ; $500.00 paid as advance payment, balance to be paid when hay is stacked thirty days; they [respondents] agree to furnish a part of their timber land to feed the cattle on said hay during the feeding this winter. * * * Said hay to be put in stacks in good workmanship-like order * * *."

In his complaint, appellant alleged that respondents failed to cut, stack, or deliver said hay, and asked judgment for the return of the $500. In their answer and counterclaim, respondents alleged that they had made a contract with appellant to cut, furnish, and stack 250 tons of hay, which appellant, without reason, refused to measure or receive; that there was due $2,000 on account of the hay so furnished and supplied, of which $500 had been paid, and asked judgment for $1,500, with interest. At the trial, the jury returned a verdict in favor of respondents in the sum of $600.

The court's only instruction as to the measure of respondent's damages was as follows: "In case your verdict is for the defendants, the measure of their damages would be the excess in value, if any you find, of the said hay at $8.00 per ton over what it would have been reasonably worth to them to the time it was to have been furnished. In other words, if the hay was of less value to them at the time it was to be furnished, you will determine what that value was; and, if it was less than $8.00 a ton, their damage would be the difference between it and $8.00 per ton."

Appellant does not contend that the foregoing instruction was erroneous, but does contend that the jury disregarded it in arriving at its verdict. Section 1975, R. C. 1919, is in part as follows: "The detriment caused by the breach of a buyer's agreement to accept and pay for personal property, the title to which is not vested in him, is deemed to be: * * * The excess, if any, of the amount due from the buyer, under the contract, over the value to the seller."

It is evident from the foregoing that the trial court instructed the jury upon the theory that respondents were entitled to recover, if at all, for the breach of a buyer's agreement to accept and pay for personal property, the title to which was vested, not in appellant, the buyer, but in respondents.

The undisputed testimony in this case is that, during the

winter of 1919, there were over 3,000 Montana cattle in the vicinity, the owners of which cattle were all looking for hay, for which they were willing to pay $10 per ton in the stack, $2 per ton more than the price agreed upon between appellant and respondents. Respondents, therefore, could not have been damaged, except nominally, by appellant's refusal to accept and pay for hay which they could have easily sold in the stack for $10 per ton, if, as the instruction assumes, the title remained in respondents.

 But respondents contend that such instruction was erroneous and that they excepted thereto. Even though it were erroneous—a question we are not called upon the decide—it was not the province of the jury to so determine, nor to disregard it. To the jury, it was the law, which, by its oath, it was bound to follow. In Gartner v. Mohan, 39 S. D. 202, 163 N. W. 674, this court quoted from Dent v. Bryce, 16 S. C. 14, in part as follows: "A verdict in direct conflict with the law of the court is a verdict against the law, and will, in all cases, be vacated in the first instance, either sua sponte by the judge, or on motion of the aggrieved party. Any other doctrine would lead to the utmost confusion. * * * So far as the jury is concerned, there is no such thing as the charge of the judge being contrary to law, because, whatever may be his charge, it is the law to them."

The judgment and order denying motion for new trial must be, and are, reversed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.