BAUER, et al, Appellants, v. ROBERTS, et al, Respondents
(two cases)

(15 N. W.2d 239.)

(File Nos. 8686, 8706. Opinion filed July 19, 1944.)
Opinion Set Aside on Rehearing Oct. 24, 1944.

**John T. Milek,** of Sturgis, for Plaintiffs.

**T. R. Johnson** and **Danforth & Danforth,** all of Sioux Falls, for Defendants.

RUDOLPH, J. Following the decision of this court in the case of Nyswanger v. Roberts, 67 S. D. 362, 293 N. W. 187, this present action was commenced. The purpose of this action is to quiet title to the residential property in Rapid City and to gain possession thereof for the plaintiffs. It appears that following the execution of the deed by Lillian Nyswanger, which purported to convey this property to O. H. Roberts, the grantee never was given possession of the property but Miss Nyswanger remained in possession thereof and still continues to occupy the premises. The trial court refused to give plaintiffs possession of the property and from this refusal the plaintiffs have appealed.

The defendant Nyswanger has prosecuted a cross-appeal whereby she seeks again to have the deed to this property set aside. So far as this cross-appeal is concerned, we are of the view that it is governed by the prior opinion wherein it was held that because of Miss Nyswanger's conduct, the relief which she then sought and now again seeks, should not be granted. It hardly seems necessary, but we do point out again that relief to Miss Nyswanger is not denied upon the basis that the original transfer of the property to Roberts was with the intention to defraud creditors, but relief to her is denied upon the basis that she cannot deliberately falsify in court and then in a subsequent proceeding

admit the falsification and demand relief upon the basis that her prior sworn testimony was a fabrication and deliberately such.

We consider now the appeal of the plaintiffs which questions the holding of the trial court refusing plaintiffs the possession of the property. Plaintiffs claim under a deed from Roberts. The record is clear that plaintiffs knew of the various claims relating to this property and especially did they know the claim of Miss Nyswanger that the property was conveyed to Roberts without consideration and that Miss Nyswanger was in possession thereof and asserting the right to retain the property. We are of the opinion, therefore, that the rights of these plaintiffs are the same as those of Roberts so far as they relate to the possession of the property. The trial court in the prior case, the record of which was introduced in evidence in this case, determined that the deed purporting to convey the property from Nyswanger to Roberts was without consideration and given for the purpose of defrauding creditors. As we understand the findings in this case the trial court here in effect confirmed this prior finding and held that Miss Nyswanger did not part with the right to possession of the property upon the transfer to Roberts. The record amply supports the finding that the transfer from Nyswanger to Roberts was without consideration and given with the intention and purpose of defrauding Nyswanger's creditors. Under these circumstances it is at least questionable whether Roberts and these plaintiffs acquired any rights as against the grantor in the property by the transfer. However, in this case plaintiffs are seeking affirmative relief, and without determining just what, if any, title was acquired by the transfer, we are of the opinion that under the facts presented plaintiffs should be denied the relief they seek. Should this court now lend its aid to these plaintiffs and grant them the right of possession of the property it would simply be giving effect to the fraudulent transaction. To gain possession plaintiffs must rely upon this fraudulent transaction which, so far as plaintiffs are concerned, at least, is not aided by the fact that the property was Miss Nyswanger's homestead and not liable for her debts. Roberts obtained this property without consideration and

with a fraudulent purpose. This court will not now step in and decree that under such circumstances he is entitled to the possession thereof. Roberts and these plaintiffs will be left where they find themselves. Kirkpatrick v. Clark, 132 Ill. 342, 24 N. E. 71, 8 L. R. A. 511, 22 Am. St. Rep. 531; Hall v. Edwards, Tex. Civ. App., 194 S. W. 674. The question of whether plaintiffs have any rights under the mortgage they hold upon this property is not presented by this record.

The judgment appealed from is affirmed. No costs to be taxed.

POLLEY, ROBERTS, and SMITH, JJ., concur.