GARTNER, Appellant, v. MOHAN, Respondent.

(163 N. W. 674.)

(File No. 4122.   Opinion filed July 5, 1917.)

1. **Trials—Assaults—Two Affrays—Injury, at Which Encounter?— Verdict Contrary to Unassailed Instructions—Measure of Damages.**

In a suit for damages alleged to have been suffered by plaintiff from defendant's assault, the issue being whether appellant received injury at his first encounter with respondent, or whether it was received afterwards at an encounter when he was resisting arrest, there being evidence tending to support each theory, held, that, in the light of instructions that if defendant did not injure plaintiff verdict should be in defendant's favor, while if the evidence was found to show that he did inflict the injury, plaintiff would be entitled to a verdict, and that if verdict was found for plaintiffs he would be entitled to recover for reasonable value of the time, if any lost because of the injury, the reasonable value of medical services, and also for physical injury and consequent suffering, together with impaired physical and mental powers, if any, which instructions were not excepted to by either party, and thereafter became the law of the case, a verdict for one dollar in favor of plaintiff could not stand; since, if the jury had followed the instructions, verdict must have been for some substantial amount.

2. **Same—Assault—Measure of Damages—Nominal Verdict, Contrary to Theory of Trial and Instructions, Effect—New Trial.**

Nor could such nominal verdict stand, upon the theory that

there was evidence justifying the jury in finding that defendant committed a technical assault entitling appellant to nominal damages; since, even if there was such evidence, respondent did not try case upon such theory, nor ask for instructions based thereon; and the trial court had no discretion to deny a motion for new trial; such motion under the circumstances presented purely a question of law.

Appeal from Circuit Court, Charles Mix County. Hon. ROBERT B. TRIPP, Judge.

Action by Harry Gartner, against John J. Mohan, to recover damages, alleged to have been suffered by plaintiff from defendant's assault. From a judgment for plaintiff, and from an order denying a new trial, plaintiff appeals. Reversed.

*P. A. Hosford,* and *G. M. Caster,* for Appellant.

*Ambrose B. Beck,* and *John E. Tipton,* for Respondent.

(1) To point one of the opinion, Appellant cited: Civ. Code, Sec. 2312; McDonald v. Walter, 40 N. Y. 551; Whitney v. City of Milwaukee (Wis.) 27 N. W. 39.

Respondent cited: Brewing Co. v. Mielenz, 37 N. W. 728; Longsdale v. Brown, 4 Wash. C. C. 148; Hasseltime v. Southwestern Ry. Co., 55 S. E. 142, 6 L. R. A. (N. S.) 1009; Thornberg v. Mastin, 93 N. C. 259.

(2) To point two of the opinion, Appellant cited: Distad v. Shanklin, 11 S. D. 1.

WHITING, J. Action for damages claimed to have been suffered by plaintiff as a result of an assault by defendant. Verdict for plaintiff in the sum of $1. From the judgment thereon and from an order denying a new trial, plaintiff appealed.

The only question that requires our consideration is whether this judgment can stand in the light of the instructions of the court. The evidence showed that upon the day of the alleged assault there were two affrays in which plaintiff was a party. Respondent contends, and we think correctly, that the sole issue of fact tried to the jury was:

"Whether this appellant received the injury * * * at the time of his first encounter with the respondent, or whether he received such injury shortly afterward at the time of the fight when he was resisting arrest."

Appellant claimed, and there was evidence tending to show, that he received the injury at the time of the first encounter.

Respondent claimed, and there was evidence tending to show, that such injury was received at the later encounter, and that such injury was not inflicted by respondent. That plaintiff was injured on one or the other of these occasions, and that his injury was of a quite serious nature, were undisputed. The court, among other things, instructed the jury as follows:

"Now, gentlemen, in view of these contentions of these parties, it is the duty of the court to charge, that, if you find from the evidence that the defendant did not kick the plaintiff, that is, inflict the injury of which complaint is made, your verdict, of course, should be in favor of Mr. Mohan, or, in other words, if you find the facts are as contended by him, he would be entitled to a verdict at your hands.

"But, on the other hand, if you find from the evidence that Mr. Mohan was the one who inflicted this injury upon plaintiff, he would be entitled to recover, or, in other words, if you find the facts are as contended by him, he would be entitled to a verdict."

And upon the question of amount of damages the court instructed as follows:

"So, under this general rule, if you find in favor of the plaintiff, he would be entitled to recover for the reasonable value of the time, if any, lost because of the injury; the reasonable value of medical services disbursed or incurred by reason thereof, and also for the physical injury and consequent pain and suffering, together with impaired physical and mental powers, if any."

[1, 2] These instructions were in no manner excepted to by either party, and, whether right or wrong, they become the law of the case under the rule repeatedly announced by this court. See Schmidt v. Carpenter, 27 S. D. 412, 131 N. W. 723, Ann. Cas. 1913D, 296, and the numerous cases from this state referred to in this case and in the notes thereto in Ann. Cas. It is too plain to admit of argument that the verdict of the jury was in entire disregard of these instructions. Such verdict being for plaintiff, it must of necessity, if the jury had followed the instructions of the court, have been for some substantial amount. But respondent contends that there was evidence in the case upon which the jury were justified in finding that respondent was not the party who caused the particular injury for which the damages are claimed,

but that there was evidence that justified the jury in finding that he did commit a technical assault upon appellant entitling appellant to nominal damages. Conceding that there was evidence that would have warranted the court in giving the jury an instruction under which it might have returned the verdict which was returned, it is clear that respondent did not try this case upon any such theory, and respondent asked for no instruction based upon any such theory. When this verdict was returned, it being in clear disregard of the instructions given by the trial court, there was vested in the trial court no discretion to deny the motion for new trial; the motion under such circumstances presented a pure question of law, and the trial court was bound to set the verdict aside and grant a new trial. As was said by the court in Dent v. Bryce, 16 S. C. 14:

"It follows, then, that a verdict in direct conflict with the law of the court is a verdict against the law, and will in all cases be vacated in the first instance, either sua sponte by the judge, or on motion of the aggrieved party. Any other doctrine would lead to the utmost confusion. If the jury could question the charge of the judge, the result would be that in every case the whole case, both law and facts, would go to the jury, under the hope that, whatever might be the charge of the judge at the time, he could be satisfied afterwards that he was in error. This could not be tolerated. It would degrade the judiciary and unhinge the whole system. The argument of the respondent, by which he attempts to draw a distinction between a verdict contrary to the charge of the judge and one contrary to law, though ingenious, fails to meet the case. In fact, that doctrine would open the door to the very evil which a separation of the powers and duties of the court and jury was intended to prevent. So far as the jury is concerned, there is no such thing as the charge of the judge being contrary to law, because, whatever may be his charge, it is the law to them."

The judgment and order appealed from are reversed.