THE FIRST NATIONAL BANK OF WEBSTER, Respondent,
v. THE FIRST NATIONAL BANK OF
MOBRIDGE, Appellant.

(167 N. W. 623.)

(File No. 4851.   Opinion filed March 31, 1922.)

1. **Sales—Sale of "Cattle Paper," Fraudulent Representations, Defense of Third Party's Guaranty, Whether Representations Sole Cause of Action—Rule Re Recovery Stated.**

    In a suit by a vendee bank to recover against vendor bank upon notes sold by it, the complaint alleging false representations by an officer of defendant bank concerning the "cattle paper" so sold and the securities on same, held, it is not essential to redress that a representation or concealment was sole cause of action, it being sufficient if it constituted one of several inducements and exerted a material influence; the representation need not be the predominating inducement; and where the representation was a material influence to action, recovery may be had although injured party was somewhat influenced by third party's statement, or where the party relied partly upon representations and partly upon a guaranty.

2. **Same—Bank Vendor's Refusal to Warrant or Guarantee Payment of Notes Sold, Whether Bar to Recovery on False Representations Re Maker's Solvency, Responsibility.**

    Refusal of a bank vendor of secured notes to warrant or guarantee their payment, will not bar purchaser from recovery of damages for false representations concerning solvency or financial responsibility of makers.

3. **Damages—Suit on Secured Notes and For Damages For Fraud, Deceit, Whether Rescission and Return of Properties Necessary to Recovery.**

    Where a complaint for recovery on secured "cattle paper" notes sold by defendant bank to plaintiff, as a whole discloses

the suit one for damages for fraud and deceit by vendor's officer in making false representations concerning the solvency and responsibility of makers, and its descriptions of the notes and securities and the false representations affect only the grounds of action and measure of damages, suit lies without rescission and offer to return property and without resort to the securities.

**4.  Damages—Sales of Secured Notes, Fraudulent Representations Re Value of Securities—Measure of Damages, Portion of Debt Securities Will Not Pay.**

In actions for damages for fraud and deceit, or misrepresentations as to value of securities on sold notes, vendee need not resort to securities, or to personal liability of makers, to reduce damages recoverable; the measure of damages being the sum equal to portion of mortgage debt the securities, properly applied, would fail to pay.

**5.  Same—Instruction Based on False Representations Relied on, Unexcepted to, As Law of Case.**

Notwithstanding the non-necessity of relying, in such suit, on the securities purchased, yet where court instructed on the theory of recovery for false representations, and such instruction was not excepted to, it became the law of the case.

**6.  Agency—Bank Vendor's Officer's False Representations Re Securities, Authority to Make, Whether Binding on Bank.**

False representations concerning the value of secured notes sold by a bank, made by its president, bind the vendor bank; such representations were made in course of the bank's business; and they constitute actionable deceit; especially where vendor bank accepted benefits of the transaction.

**7.  Appeal—Conflicting Evidence, Reasonable Minds Different Conclusions, Non-disturbance of Verdict, Non-review, Etc.**

The well established rule is, that where evidence conflicts and witnesses' credibility involved, or where reasonable minds differ, etc., Supreme Court will not disturb verdict for insufficiency of evidence; no review of evidence will be had, the only question being whether any competent evidence to sustain verdict.

**8.  Damages—Fraud and Deceit, Right to Sue For Damages, And Measure of Damages, Distinct Questions.**

The right to maintain a suit for damages for fraud and deceit, and the measure of damages recoverable, are distinct questions.

Anderson, J., not sitting.

Appeal from Circuit Court, Day County.  Hon. FRANK ANDERSON, Judge.

Action by The First National Bank of Webster, against The First National Bank of Mobridge, to recover upon secured notes sold by defendant to·plaintiff, and for damages for alleged false representations by defendant's president concerning the value of said securities, etc.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

*Julius Skaug*, and *Waddel & Dougherty*, for Appellant.

*Lewis W. Bicknell*, *C. A. Wells*, and *W. F. Bruell*, for Respondent.

.   (3)   To point three of the opinion, Respondent cited: Briggs v. Brushaber, 43 Mich. 330, 5 N. W. 383, 38 'Am. Rep. 187; Pratt v. Worthington, 169 Ill. 533.

'(6)   To point six, Respondent cited:   Stewart v. Wright, 147 Fed. 321; Oak Grove & Sierra Verde Cattle Co. v. Foster (N. M.), 41 Pac. 522; Nevada Bank of San Francisco v. Portland National Bank, 59 Fed. 338; Johnson-Fife Hat Co. v. National Bank of Guthrie (Okla.), 44 Pac. 192.

SMITH, J.   [1]   Defendant appeals from a judgment of the circuit court of Day county, and from an order denying a motion for a new trial.   The complaint is quite voluminous, covering some 17 pages of the printed record, and sets forth, in detail, transactions between plaintiff and defendant banks wherein plaintiff purchased from defendant certain promissory notes commonly known as cattle paper, purporting to be secured by chattel mortgages on stock and other personal property.   An attempt to state the details as alleged would extend this opinion beyond reasonable limits, and would serve no useful purpose.   It is sufficient to say that plaintiff bases its action upon fraud and deceit in representations alleged to have been made by one Harris, president of defendant bank, in transactions on behalf of the bank, in which plaintiff purchased said cattle paper and securities.   The making of the false, fraudulent, and deceitful representations by Harris is not controverted in the evidence.   Appellant's chief contention is that the evidenec is insufficient to sustain the verdict for plaintiff, for the reason that such evidence is alleged to show that defendant did not rely upon and was not induced to purchase said paper by the alleged false, fraudulent, and deceitful representations, appellant's contention being that the evidence shows conclusively that the plaintiff accepted and relied upon a written

guaranty of payment of said indebtedness, executed by the Mobridge Cattle Loan Company and certain of its officers, which accompanied the purchase and transfer of said notes and securities.

"It is not essential to redress that a representation or concealment should have been the sole cause of action, but it is sufficient if it constituted one of several inducements and exerted a material influence. In such case recovery may be had, although the representation was not the predominating inducement to action, or the representee's injury was due partly to his own mistake. Thus, where the representation was a material inducement to action recovery may be had although the injured party was influenced to some extent by the statements of a third person or by information gained through independent investigation * * * or where the party relied partly upon representations and partly upon a guaranty." 26 C. J. 1165, 1166; Busch v. Wilcox, 82 Mich. 315, 46 N. W. 940.

[2] The refusal of a banker to warrant or guarantee the payment of notes held by the bank will not prevent the purchaser from recovering damages by reason of false representations concerning the solvency or financial responsibility of the makers of the notes. Dilenbeck v. Davis, 186 Iowa, 30, 172 N. W. 184; Barnes v. Union Pac. R. Co., 54 Fed. 87, 4 C. C. A. 199.

[3] A careful consideration of appellant's brief leads us to the conclusion that appellant's counsel may have misapprehended the grounds upon which the action is based. Their arguments suggest the assumption that plaintiff seeks to recover upon the promissory notes set out in the complaint or upon an implied guaranty of payment by defendant bank. However that may be, the complaint as a whole clearly discloses that the action is for damages for fraud and deceit, and the allegations descriptive of the notes and securities and the false and deceitful representations with reference to the securities affect only the grounds of the action and the measure of damages recoverable. The right to sue for damages for fraud and deceit without rescission and without an offer to return the property purchased and without resort to the securities is well established by the authorities.

[4, 5] It is generally held, in actions for damages for fraud and deceit, or misrepresentations as to the value of securities

accompanying a sale of promissory notes, that the injured party is not required, as a condition to his right to maintain an action, to exhaust securities or resort to the personal liability of the makers of the notes for the purpose of reducing the amount of damages recoverable.   The general rule is that the measure of damages in such case is a sum equal to that portion of the mortgaged debt which the securities, properly applied, would fail to pay.   Bergeron v. Miles, 88 Wis. 397, 60 N. W. 783, 43 Am. St. Rep. 911; Shaw v. Gilbert, 111 Wis. 165, 86 N. W. 188; Briggs v. Brushaber, 43 Mich. 330, 5 N. W. 383, 38 Am. Rep. 187.   The record is entirely silent as to the actual value of the securities accompanying the notes, and the question of damages was submitted to the jury upon instructions not excepted to which have become the law of the case.   Schmidt v. Carpenter, 27 S. D. 412, 131 N. W. 723, Ann. Cas. 1913D, 296; Gartner v. Mohan, 39 S. D. 202, 163 N. W. 674.   The trial court instructed the jury that:

"Unless you believe and find from a preponderance of the evidence in this case that the defendant bank made to plaintiff representations in writing or otherwise relative to the financial standing, solvency or security offered by Donaldson, Smith or Le Compte, and unless you further find that plaintiff relied upon such representations or any of them, and by reason thereof parted with its money or other things of value, and unless you further find that such representations were false in whole or in part, and that by reason thereof the plaintiff suffered detriment, then, and in that case, you should return verdict finding for the defendant bank upon all the issues."

[6]   Appellant, however, contends, as a matter of law, that Harris, as president and active manager of defendant bank, was without power or authority to create a liability against the bank, even though his statements and representations were false and untrue, and made with intent to deceive officers of plaintiff bank. Such is not the law.   Harris, as president of defendant bank, had authority to sell the cattle paper held by his bank, and his fraudulent and deceitful representations were made in the course of business of the bank which he had authority to transact.   Such acts and representations bound the bank, even though false and deceitful, and constitute actionable deceit.   Binghampton Trust Co. v. Auten, 68 Ark. 299, 57 S. W. 1105, 82 Am. St. Rep. 295.

.   In this case the defendant bank received and accepted the benefits of the transactions, and cannot now deny the authority of Harris to act, even though such acts were fraudulent and deceitful. Johnson, etc., v. Nat. Bank, 4 Okl. 17, 44 ·Pac. 192. See, also, Nevada Bank v. Portland· Nat. Bank (·C. ·C.) 59 Fed. 338; Steward v. Wright, 147 Fed. 331, 77 C. C. A. 499.

[7] The rule is well settled in this, as in other courts having similar statutes, that where the evidence is conflicting, and the credibility of witnesses is involved, or where men of reasonable minds might draw different conclusions therefrom, and the trial court has denied a new trial, this court will not disturb the verdict for insufficiency of evidence. In such case this court cannot review conflicting evidence; and the only question which can be considered is whether there is any competent evidence ·which will sustain the verdict. Schmidt v. Carpenter, 27 S. D. 412, 131 N. W. 723, Ann. Cas. 1913D, 296; Gartner v. Mohan, 39 S. D. 202, 163 N. W. 674; Wingfield v. Little, 41 S. D. 60, 168 N. W. 716.

It would serve no useful purpose to attempt to state or review the evidence. It is sufficient to say, after a careful reading of the record, that in our judgment there is sufficient evidence to show that plaintiff relied in a large degree, if not wholly, upon the statements and representations of Harris, president of defendant ·bank, as to the character and responsibility of the makers of the note and the existence and sufficiency of the mortgage security accompanying them, and that such· statements were materially false and untrue, and were made with intent to deceive the officers of defendant ·bank.

[8] The right to maintain an action for damages for fraud and deceit, and the measure of damages recoverable, are distinct questions. The rule as to measure of damages laid down ·by the trial ·court in its instructions to the jury was not excepted to, nor was any instruction asked ·by appellant upon that subject. There is evidence in the record from which the jury might have found that the securities were of little value, and that the purported· indebtedness secured thereby exceeded the value of such securities in the amount of their verdict.

We must assume that the jury were correctly instructed as to the measure of damages, and that their verdict was in accordance

with such instructions. In such case the amount of the verdict cannot be disturbed or questioned by this court.

After a careful consideration of the entire record and all the assignments of error, we find no reversible error, and the judgment and order of the trial court are affirmed.

ANDERSON, J., not sitting.