[Civil No. 2499.   Filed February 21, 1927.]

[253 Pac. 439.]

STATE OF ARIZONA ex rel. W. J. GALBRAITH, Attorney General, Appellant, v. CENTRAL BANK OF WICKENBURG, Appellee.

Mr. John W. Murphy, Attorney, General, and Mr. Earl Anderson and Mr. Frank J. Duffy, Assistant Attorneys General, for the State.

Messrs. Kibbey, Bennett, Gust, Smith & Lyman, for Appellee.

ROSS, C. J.—This is an appeal by the state from an order of the court rejecting the state's claim against the Central Bank of Wickenburg and R. W. Baxter as receiver of said bank.

The facts pertaining to the claim and its rejection, as shown by the records and by the abstract of the record, are as follows: A claim in regular form was filed in the court July 7, 1925, and an order disallowing it was entered in the clerk's minutes September 5, 1925, in these words:

"It is ordered by the court that the claim of state of Arizona for $61,503.95 be, and the same is hereby, rejected."

The state claims there was error in rejecting its demand; it appearing therefrom that the said bank was indebted to the state in the sum mentioned, "and there was no showing by the receiver or anyone else that said claim was not a valid claim against the said bank and said receiver, nor was there any objection or opposition presented against said claim."

As above indicated, the record shows the filing of claim and its rejection; nothing more. How are we to know that there was no showing of the invalidity of the state's claim or that there was no objection or opposition to it? Can we take counsel's word for it or draw that conclusion from the meager record lodged in this court?

The appellee insists that the prceedings taken in connection with the rejection of the claim, whether *sua sponte* by the court or at the instance of the

parties, or one of them, should be presented to us in one of the three ways provided by the statute, to wit: Statement of facts, bill of exceptions, or transcript of the reporter's notes. Paragraph 602, Civil Code 1913.

If it be the court arbitrarily rejected the claim, or if there was no objection or opposition to its allowance, these facts could be shown by bill of exceptions or a statement of facts, or, if the claim was rejected for insufficient or improper evidence, it likewise could be shown by bill of exceptions, statement of facts, or transcript of the reporter's notes. No final order or judgment, when it appears the court had jurisdiction of the parties and subject matter, can be reviewed upon an appeal unless the appellate tribunal is furnished an authenticated record of the things which actuated the court in making such order or entering such judgment.

Every presumption is in favor of the regularity of the court's action in making the order of rejection, and such order must stand, the record failing to show the court acted contrary to law or without legal justification. *Myers* v. *Farmers & Merchants' Bank,* 7 Ariz. 67, 60 Pac. 880; *Putnam* v. *Putnam,* 3 Ariz. 182; s. c., *Sutherland* v. *Putnam,* 24 Pac. 320; *Martin* v. *Bankers' Trust Co.,* 18 Ariz. 55, Ann. Cas. 1918E 1240, 156 Pac. 87; *Ensign* v. *Koyk, ante,* p. 1, 250 Pac. 246.

From the record we have, it does not appear that the claim was not contested, or that evidence was not taken, or, indeed, that it may not have been fully paid off and satisfied.

For the reason that the assignment is not supported by the record, and the order disallowing the state's claim appearing to be regular, there is nothing for us to do except to affirm.

LOCKWOOD and McALISTER, JJ., concur.