[Civil No. 3980. Filed May 9, 1938.]

[78 Pac. (2d) 1124.]

## L. D. FREDERICKSON, Appellant, v. A. J. McINTYRE, Appellee.

Mr. W. Francis Wilson and Mr. D. Kelly Turner, for Appellant.

Messrs. Townsend & Jenckes, for Appellee.

ROSS, J.—A. J. McIntyre, on October 11, 1930, signed a note with L. D. Frederickson to the Phoenix Industrial Finance Corporation in the sum of $347.33 for the accommodation of Frederickson and thereafter,

on October 20, 1931, paid the balance due on said note of $247.82. On January 26, 1937, he brought this action to recover from Frederickson a balance of $217.82, with interest from October 20, 1931.

Defendant filed a demurrer to plaintiff's complaint "on the ground that said cause of action, if any there be stated . . . is barred by the statute of limitations." This demurrer was overruled in due course and the defendant was given ten days in which to answer the complaint. Thereafter the defendant filed an answer in which he admitted the execution of the note; admitted that it was for his accommodation, except he alleged plaintiff received the sum of $60 of the consideration of the note. In his answer he admitted that plaintiff paid the sum of $247.82 as alleged; admitted that he had repaid plaintiff thereon only the sum of $30; denied that there was due and owing to the plaintiff from him any sum whatever.

He pleaded the statute of limitations alleging that, if any sum was ever due the plaintiff on account of the plaintiff's paying said note to the Phoenix Industrial Finance Corporation, it fell due on the 20th day of October, 1930, and that, since the complaint was not filed until the 26th day of January, 1937, the cause of action was barred by the three-year statute of limitations. (Rev. Code 1928, § 2060.) He further alleged that the accommodation note had been fully paid and discharged on behalf of defendant and that by reason thereof there existed "no further obligation on the part of this defendant to pay and discharge said promissory note, or any part thereof."

The case was tried before the court without a jury and resulted in a judgment in favor of the plaintiff for the sum sued for, with interest and costs.

We have only the minutes of the clerk to show what took place at the trial. The defendant has failed to include in the record the transcript of the evidence

taken at the trial, and has not supplied the court with a statement of facts or a bill of exceptions as required by law. The minutes of the court show that plaintiff was sworn and testified; that defendant objected to the introduction of testimony on the ground that the cause of action stated in the complaint was barred by the statute of limitations. The minutes show that this objection was overruled, also that defendant was called by the plaintiff as a witness "on cross-examination under the statute"; that plaintiff introduced in evidence Exhibit A and rested; and that on motion of plaintiff judgment was ordered in his favor.

Thereafter defendant made a motion for a new trial, which was denied. He appeals from the judgment and the order overruling his motion for new trial, and assigns as errors: (1) The overruling of his demurrer; (2) the overruling of his objection to the introduction of any evidence on behalf of plaintiff, it appearing on the face of the complaint that the action was barred by the statute of limitations; (3) the court's order granting plaintiff's motion for judgment on the ground that defendant on cross-examination under the statute waived the statute of limitations; and (4) that the judgment is not supported by the evidence.

 Taking up these assignments in their reverse order, it is not possible for the court to determine whether the judgment is supported by the evidence because the evidence is not before the court. In *State ex rel. Galbraith* v. *Central Bank of Wickenburg,* 31 Ariz. 337, 339, 253 Pac. 439, 440, we said:

"No final order or judgment, when it appears the court had jurisdiction of the parties and subject matter, can be reviewed upon an appeal unless the appellate tribunal is furnished. an authenticated record of the things which actuated the court in making such order or entering such judgment."

This rule we have repeatedly adhered to. We indulge the presumption always that the action of the trial court was regular and proper in the absence of a record controverting such presumption.

■ The only intimation we have as to why the court gave judgment to the plaintiff is suggested in defendant's motion for a new trial. One of the grounds mentioned in this motion is that the trial court granted plaintiff's motion for judgment ''on the ground that defendant waived the statute of limitations while on cross-examination under the statute.'' Of course we have no way of determining the reason or grounds upon which the court gave judgment for the plaintiff. If as a matter of fact the defendant did waive the statute of limitations on the trial, the court was clearly right in entering judgment in favor of plaintiff, that statute being one of privilege which a party may waive at any time. *Ainsworth* v. *Lipsohn*, 22 Ariz. 291, 196 Pac. 1028.

We do not deem it necessary to discuss assignments 1 and 2 as, whatever view may be taken of these assignments and the law points they raise, they become immaterial since the judgment is based upon the evidence which is not before us.

■ If we should conclude that plaintiff when he paid the note to the payee was subrogated to the rights of such payee, then his right of action was not barred, for in such case the six-year statute of limitations applies. (Rev. Code 1928, § 2062.) Or, should we conclude that the correct rule of law is that an accommodation maker who pays the note he has signed is a mere surety and his right of action is upon an implied contract and accrues at the date he pays the debt his comaker owes, then the three-year statute applies and the action was barred when the complaint was filed January 26, 1937. There are cases holding both ways. See note VI in 36 A. L. R. at page 575.

It can make no difference which rule we hold is right since, in the absence of the evidence adduced at the trial, we must presume that it supports the judgment and that the statute was tolled or waived.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.