NYSWANGER, Respondent, v. ROBERTS, Appellant
ASHLEY, Respondent, v. ROBERTS, et al, Appellants

(293 N. W. 187.)

(File No. 8357.  Opinion filed July 8, 1940.)
Rehearing Denied August 30, 1940.

**John T. Milek,** of Sturgis, for Appellants.
**Atwater & Helm,** of Sturgis, for Respondent.

RUDOLPH, J. The plaintiff, Lillian Nyswanger, brought this action against the defendants seeking to set aside a deed to certain residential property in Rapid City. The deed was given by the plaintiff to defendants at a time when plaintiff's creditors were causing plaintiff trouble. The creditors thereafter brought an action to set the deed aside on the grounds that it was given for the purpose of defrauding creditors, and in that action this plaintiff appeared and under her oath testified that the deed was given for a valuable consideration and in detail described that consideration, which, according to her testimony, consisted of three promissory notes which represented an indebtedness owing to her by the defendant, O. H. Roberts. It developed during that trial, however, that the premises in question was the homestead of the plaintiff in this action, and the court thereupon and upon this ground refused to set aside the deed to Roberts. The court acted under the rule announced by this court that a conveyance of a homestead which is exempt from creditor's claims does not constitute a fraud on creditors who have no rights in such property and who are not affected by its transfer with or without consideration, and with or without a fraudulent intent. Smith v. Midland Life Insurance Co., 57 S. D. 497, 234 N. W. 20. Thereafter plaintiff commenced this present action wherein she, herself, seeks to set aside this deed to Roberts on the grounds that it was given without consideration. In this present trial plaintiff testified that her testimony given in the prior trial was false, purely a fabrication, and that it was given for the purpose of protecting her home against the claims of her creditors. She now asserts under her oath that no consideration passed from Roberts to her, and that the deed was given to Roberts solely for the purpose of defrauding creditors. The trial court set the deed aside and the defendant has appealed from the judgment entered.

The trial court reached his conclusion upon the premise which is stated in his memorandum opinion, as follows: "If

a party under the mistaken apprehension that certain property could be held liable for his debts conveys the property to evade the liability, he will be entitled to recover back the property if in fact it was not liable for his debts." This rule finds considerable support in the decided cases, but is not entirely without dispute, some courts holding that where the transferrer acts with fraudulent intention, it is immaterial whether the transfer was without injurious consequences. Cf. 24 Am. Jur., Fraudulent Conveyances, § 120, and cases cited. However, under the facts here disclosed, we do not believe either the rule adopted by the trial court or the contrary rule announced in some of the cases is applicable. The acts of the present plaintiff are of a character more sinister than that of conveying property with a fraudulent intent. The trial court sensed this fact when he referred in his memorandum opinion to this action as one "which reeks with stench of conduct which should be condemned by the court." This present plaintiff not only had the fraudulent intention of defeating her creditors, but, if her present testimony is to be believed, she appeared in a court of record in this state and under her oath testified to facts which she now brazenly says were untrue and were a pure fabrication from start to finish. This certainly constitutes conduct properly subject of description as playing fast and loose with the courts of this state. It was this very conduct (in a less aggravated form than here disclosed) that this court condemned in the case of Smith v. Reid, 60 S. D. 311, 244 N. W. 353, and on account of which relief was denied. We are aware of no reason which should now cause us to put our stamp of approval upon such conduct, and it is only by approving or excusing the conduct of this plaintiff that the relief she now seeks might be granted. Certainly the conduct should not be approved and we find nothing in the record to excuse plaintiff from the perjury she now confesses. Plaintiff is a middle-aged woman of considerable business experience, who not only had an elementary education, but attended three years at the South Dakota School of Mines.

That her testimony was deliberately false is confessed.

Plaintiff is in a court of equity. The doctrine that he who comes into equity must come with clean hands is applicable. This court has well said: "When * * * the material facts are established by undisputed evidence, 'the principles of equity come into operation and pronounce with certainty and absoluteness whether the remedy shall be granted or withheld.'" J. I. Case Threshing Machine Co. v. Farnsworth, 28 S. D. 432, 134 N. W. 819, 822; Watters v. Ryan, 31 S. D. 536, 141 N. W. 359.

The judgment appealed from is reversed.

All the Judges concur.