BEHRENS, Appellant v. BALDENECKER et al., Respondents

(77 N.W.2d 917)

(File No. 9575. Opinion filed July 27, 1956)

**Henry C. Mundt** and **Acie W. Matthews,** Sioux Falls, for Plaintiff-Appellant.

**John Carl Mundt,** Sioux Falls, for Defendants-Respondents.

RUDOLPH, J. This action was commenced for the purpose of quieting title to a certain residence property located in the City of Sioux Falls. By agreement of the parties this property was sold for $13,000 and the proceeds thereof are now held by a third party awaiting the outcome of this action. Following the sale of the property an amended complaint was served and filed seeking to quiet title in the plaintiff to the proceeds of the sale under the provisions of SDC 37.16. The trial court dismissed the action and plaintiff has appealed.

The facts are as follows: The plaintiff and defendants are sisters. In 1945 the plaintiff purchased certain real property in Omaha, Nebraska. At the time of the purchase her mother, Mary L. Hanson, who was then living with her, advanced to the plaintiff $5,750, the major part of the purchase price, and title to the Omaha property was taken in the name of plaintiff and her mother as joint tenants. The Omaha property was subsequently sold and the money derived therefrom was used to purchase the Sioux Falls property, title to which was again taken in the name of plaintiff and her mother as joint tenants. The mother died in March 1947 and thereafter proceedings were had to terminate the life estate of the mother in the Sioux Falls property. The mother left a will wherein she left her property in equal shares to plaintiff and defendants. In April 1947 this plaintiff filed a petition in the county court of Minnehaha county praying for admission to probate of the last will of her mother. In this petition she listed as an asset of the estate an interest in the Sioux Falls residence property valued at $5,750. Plaintiff was appointed executrix of the will. In her final account and petition for distribution she listed among the assets of the estate "Amount due from Sylvia May Behrens by reason of the interest which Mary L. Hanson had in the North 64½ feet of the Northeast quarter of Block 14, Sherman's Addition to Sioux Falls according to the recorded plat thereof situated in Minnehaha County, South Dakota and subject to deed with a survivorship clause to Sylvia May Behrens amounting to $5750.00." In the final decree in the mother's estate the property of the estate, so far as here material, was described as follows:

"Amount due from Sylvia May Behrens by reason of the interest which Mary L. Hanson had in the North 64½ feet of NE¼ of Block 14, Sherman's Addition to Sioux Falls, S. D. according to recorded plat thereof, in Minnehaha County, S. D. and subject to deed with a survivorship clause to Sylvia May Behrens in which life estate has been terminated and title is now vested in Sylvia May Behrens, amounting to $5750.00. (Sylvia May Behrens agrees to pay to Florence L Baldenecker and Helen L Tolby each a one third of said $5750.00 upon the sale of

the aforesaid property, less one half of the loss if any, when sale is made of the property in question, each to share one half of said one half loss if any)."

The property was distributed by the county court one-third each to the plaintiff and the two defendants as provided in the will.

Following the mother's death the three sisters had a discussion relating to the mother's property. In this discussion plaintiff acknowledged that her mother had advanced $5,750 when the Omaha property was purchased and that the three sisters should share equally in this amount under the terms of the will. Such was the substance of the trial court's findings under disputed testimony. Following this discussion plaintiff acknowledged defendants' interest in the money advanced by the mother to purchase the property by a written statement as follows:

"Statement

"To Florence L Baldenecker, Des Moines, Iowa, and Helen L Tolby, Tolleson, Arizona. This is to certify that Mary L Moody Hanson had an interest in the North sixty four and one half feet (N 64½ ft) of the Northeast Quarter (NE¼) in Block Fourteen (14) Sherman's Addition to Sioux Falls, according to the recorded plat thereof, situate in the County of Minnehaha, State of South Dakota, in the amount of Fifty eight hundred and fifty dollars ($5850.00), and

"That the undersigned will pay a one third (⅓) of said amount to each of the above named parties upon the sale of said property, less one half (½) of the loss, if any, when sale is made of the property in question, each to share a one half (½) of said one half (½) loss, if any.

"Dated this 30th day of June A D 1947.

"Sylvia Travis Behrens"

There has been considerable argument on the question of whether the mother had or legally could have an interest in the real property she being a joint tenant, which would secure to her the repayment of this $5,750. However, we do not believe we need to determine that question, or the question of the effect of the termination of the life estate, in this case.

■ Throughout the probate proceedings and under the testimony in this case accepted by the trial court, plaintiff acknowledged that she was obligated to her mother because of this advance by her mother when the property was purchased. True, this obligation was described at places in the probate proceedings as being an interest in the real property, but as we interpret the final decree the property distributed by the county court was one-third to each of these defendants in $5,750 to be derived from the sale of this property. The decree in this connection states, "Amount due from Sylvia May Behrens", and then incorporates her agreement to pay this amount due out of the proceeds from the sale of this property, as follows: "Sylvia May Behrens agrees to pay to Florence L Baldenecker and Helen L Tolby each a one third of said $5750.00 upon the sale of the aforesaid property, * * *".

We believe, as did the trial court, that plaintiff should be bound by her agreement to pay from the proceeds of the sale one-third of $5,750 to each of the defendants. This agreement was made in connection with the probate of the estate. The county court relied thereon as disclosed by the final decree, and for more than five years the parties accepted that decree as a proper disposition of property belonging to decedent.

There was no dispute in the county court. This plaintiff, as the executrix of the estate and as an heir of her mother, acknowledged in county court her obligation to the estate to the extent of $5,750. It was upon her representation to the county court that the decree was entered. She does not now claim she was misled in making this representation. For more than five years she acquiesced in the final decree, and raised no question concerning it. It does not appear that plaintiff is now aware of any facts of which she was not cognizant at the time she made her representations in county court. Under these circumstances we believe plaintiff should be precluded from now asserting that her obligation to her mother was other or different than as represented by her to the county court.

■ We have this anomalous situation: In the county court this plaintiff as executrix of her mother's estate re-

presented to that court that defendants under the will of their mother, had a two-thirds interest in $5,750 to be derived from the sale of this property, and the county court acted thereon. She is now in this court contending, as she did in the circuit court, that these defendants have no such interest. This conduct falls within the category of conduct playing fast and loose with the courts which we have at least twice condemned. Smith v. Reid, 60 S.D. 311, 244 N.W. 353; Nyswanger v. Roberts, 67 S.D. 362, 293 N.W. 187; 19 Am.Jur., Estoppel, § 72; Bigelow on Estoppel, Sixth Edition, p. 783; 33 C.J.S., Executors and Administrators, § 128; In re Jones' Estate, 174 Kan. 506, 257 P.2d 116; Carruthers v. Whitney, 56 Wash. 327, 105 P. 831.

The judgment appealed from is affirmed.

All the Judges concur.