ARBACH, Appellant v. GRUBA, et ma., Respondents

(232 N.W.2d 842)

(File No. 11422. Opinion filed September 5, 1975)

Petition for rehearing denied October 9, 1975

**William J. Holland** of **Holland & Brantseg,** Sisseton, S.D., for plaintiff and appellant.

**Charles B. Kornmann** of **Richardson, Groseclose, Kornmann & Wyly,** Aberdeen, S. D., for defendants and respondents.

DOYLE, Justice.

This case involves two defendants. For the sake of clarity, we shall present facts relevant to defendant, Joanne Gruba (Joanne), in the first section of this opinion. The facts pertaining to defendant, Eddie Gruba (Eddie), will be presented in section II.

## I.

While many of the facts were set out in our earlier decision of this case, *Arbach v. Gruba,* 1972, 86 S.D. 591, 199 N.W.2d 697, to avoid confusion, we repeat those facts necessary to this decision.

The plaintiff was injured when his pickup truck collided with a car driven by defendant, Joanne. The accident occurred on June 15, 1967. A summons and complaint naming Joanne and Eddie, her husband and the owner of the car, as defendants, were delivered on May 25, 1970, to the sheriff for service. The sheriff unsuccessfully attempted service at defendants' home and left word for them to stop at his office, which they did, where two copies of the summons and complaint were delivered personally to Eddie on May 26, 1970. Joanne remained in the car and no copies of the process were delivered to her by the sheriff. The sheriff completed a return stating that he had personally served *both* defendants on May 26th. Defendants immediately went to their local insurance office where Joanne delivered the papers. The agent testified he promptly forwarded the process to the insurance company. The insurer, however, denies receipt or any knowledge of this process.

On June 15, 1970, the time limitation on personal injury actions set out in SDCL 15-2-14 expired.

No appearance or answer was made by defendants, and plaintiff filed an affidavit of default on September 18, 1970, as

specified by SDCL 15-6-55(a). On September 24, 1970, defendants' attorney filed a motion on behalf of Eddie requesting relief from default on the grounds of excusable neglect per SDCL 15-6-55(c) and 15-6-60(b)(1). A simultaneous motion to dismiss or, in the alternative, to quash the service of process was also filed on behalf of Joanne. A hearing on the affidavit and these motions was held on September 24, 1970. The trial court indicated orally that the motion to quash and relief from default would be granted.

On September 26, 1970, plaintiff delivered a duplicate copy of the original process to the sheriff who served them on Joanne personally. On October 15, 1970, the trial court's orders quashing the service and relieving the default were filed. No appeal was taken from these orders.

It should be noted here that Eddie's original claim of excusable neglect was based on the insurer's failure to defend because the company failed to receive the first summons and complaint. When Joanne was served personally on September 26, 1970, it was assumed by the insurer that the September 26th papers were the lost copies of the May 25th process that had been quashed. In addition, the October 15th order quashing service was ambiguous and could have been interpreted as quashing both the May 25th and September 26th papers served on Joanne.

At any rate, there was no answer to the September 26th service, and plaintiff again filed an affidavit of default against Joanne on October 29, 1970. Joanne served an answer on plaintiff on October 30, 1970, which contained a denial of negligence, an allegation of unavoidable accident and the defense of the statute of limitations. On November 19, 1970, the trial court adjudged Joanne to be in default, denied her motion to set aside the default and struck her answer.

Joanne appealed from this order, and this court, on the authority of *Davis v. Interstate Motor Carriers Agency*, 1970, 85 S.D. 101, 178 N.W.2d 204, found excusable neglect in the insurer's second failure to answer and defend, and held that Joanne should have been allowed to answer. That opinion also discussed the validity of the statute of limitations claim and held plaintiff's cause of action to be barred by SDCL 15-2-14.

The case was remitted to the trial court where a jury verdict was returned in favor of Eddie and against Joanne. After trial, a motion for judgment n. o. v. was made by Joanne and granted by the trial court on the grounds that the statute of limitations barred the action against her. Judgment was entered in favor of both defendants, and plaintiff appeals claiming numerous assignments of error. This portion of the opinion involves those assignments claiming error in granting the judgment n. o. v. and in denying plaintiff's motion to produce documents in Joanne's insurer's files.

There is no doubt that the second service was beyond the limitations period, and, if the first service was defective, we must affirm, there being no other valid service within the limitations period.

Plaintiff raises several arguments, however, in attempting to establish either the validity of the first attempted service on Joanne or a waiver or estoppel of defendant's limitations defense. Because we adopt the waiver/estoppel argument, we find it unnecessary to address the other, although it raises unique questions about the South Dakota Rules of Civil Procedure.

Plaintiff maintains that statements made by defense counsel during final argument estopped defendant from raising the statute of limitations defense later in a motion for judgment n. o. v. The motion was resisted on these same grounds when made. The final argument by defense counsel claimed to establish the estoppel is as follows:

> "There has got to be some act of affirmative negligence on the part of the spouse in knowing, as the plaintiff has claimed here, that his wife or her husband is incompetent as a driver, is not a fit person to be on the highways of this state and, of course, that's the principle that's involved here with Mr. Gruba. He doesn't believe that these accusations made against his wife are true. She may have been careless on this one occasion, but that's a heck of a long way, isn't it, from saying somebody is incompetent, or was intoxicated, or something of that nature. As I said, *you can give the plain-*

*tiff a verdict against Joanne Gruba in whatever amount you think is right,* if you think that's the right thing to do. I think that the action of Mr. Gruba is understandable and is proper under all the circumstances. There is no reason that you can't award the plaintiff as much of a verdict as you would award against both defendants if you just give the verdict to the *plaintiff against Joanne Gruba.* Mr. Holland made reference to the fact that Mr. and Mrs. Gruba are biased; that they've got the interest in this thing, and that the implication was that they haven't been truthful. I want to disclose to you something that only I have the right to disclose to you; that neither the Court nor Mr. Holland would be able to disclose to you, and that is the fact that Mr. Gruba and Mrs. Gruba are covered by liability insurance, and they don't have a monetary interest in this case, as the plaintiff has. So, I ask you to keep that in mind; that they have no reason to be here coloring their testimony in any matter." (emphasis supplied)

■ Plaintiff contends that defense counsel lured an unsuspecting jury into granting an award against Joanne, knowing this court had already held that the statute of limitations prevented payment of such an award. He claims that the disclosure of insurance was an implicit promise to the jury that any award would be paid, that such promise was made without any intention of keeping it and that Joanne is estopped from changing her position from that represented to a jury unaware of the limitations defense. We agree. There is no doubt that the presence of liability insurance is a matter likely to prejudice the jury. The cases reversed because a plaintiff has revealed a defendant's insured status are legion and need not be cited. Also, the fact that a plaintiff's use of this information is consistently error is no reason for holding that a defendant's use of the same prejudicial statement is consistently permissible.

■ We are not convinced that plaintiff can establish all the elements of either estoppel or waiver since the reliance on defendant's statements was that of the jury and not of plaintiff. We believe, however, that defendant's conduct falls into that

category we have previously entitled "playing fast and loose with the courts." *Behrens v. Baldenecker,* 1956, 76 S.D. 327, 77 N.W.2d 917; *Nyswanger v. Roberts,* 1940, 67 S.D. 362, 293 N.W. 187; *Smith v. Reid,* 1932, 60 S.D. 311, 244 N.W. 353.

Defendant's conduct is clearly analogous to that in *Behrens v. Baldenecker,* supra. In Behrens, the plaintiff, one of three sisters, had purchased a house using an advance from her mother for practically all of the purchase price. The title to this property was taken in the name of the plaintiff and her mother as joint tenants. This first property was eventually sold, but the proceeds were reinvested in other property that was taken as a joint tenancy. The mother died, and in her will she left her property in equal shares to the plaintiff and her two sisters, the defendants. Plaintiff was appointed the executrix of her mother's estate. In her petition to admit the will to probate, and in her final account and petition for distribution, plaintiff listed as an asset of the estate an interest in the joint tenancy equal to the mother's purchase price advance. The final decree of probate court distributed the property—one-third each to the plaintiff and her sisters. The plaintiff then instituted an action against her sisters to quiet title in herself claiming that any interest of the estate in the property jointly held is inconsistent with the survivorship privilege of a joint tenancy. The court in *Behrens* said:

> "We have this anomalous situation: In the county court this plaintiff as executrix of her mother's estate represented to that court that defendants under the will of their mother, had a two-thirds interest in $5,750 to be derived from the sale of this property, and the county court acted thereon. She is now in this court contending, as she did in the circuit court, that these defendants have no such interest. This conduct falls within the category of conduct playing fast and loose with the courts which we have at least twice condemned. *Smith v. Reid,* 60 S.D. 311, 244 N.W. 353; *Nyswanger v. Roberts,* 67 S.D. 362, 293 N.W. 187 (additional citations omitted)." 77 N.W.2d at 919.

The defendant here has presented definitely prejudicial material to the jury. Whether or not her intent was to influence a

verdict that could be nullified by later legal maneuvers is irrelevant, for we have no doubt that such was the actual effect. Just as the plaintiff in *Behrens* asked two different courts of this state to rely on two inconsistent positions, the defendant, Joanne Gruba, has asked two arms of the same court to adopt inconsistent positions to her advantage. If the jury had known that this court had already held the statute of limitations to be a valid defense in the case before it, the result may well be different. Just as the probate court in *Behrens,* however, relied on the representation that an interest in the property was an estate asset, the jury here relied on the implied promise that "you can give the plaintiff a verdict against Joanne Gruba in whatever amount you think is right, if you think that's the right thing to do," and that the verdict would be covered by insurance.

Such conduct whether or not intentional cannot be allowed. The judgment n. o. v. in favor of Joanne should be reversed and the jury verdict against her allowed to stand. Accordingly, we reach no decision on the denial of plaintiff's motion to produce.

## II.

The second part of this appeal concerns the verdict in favor of defendant, Eddie Gruba, the judgment entered thereon, and an order denying a new trial. Plaintiff claims the verdict is contrary to the evidence.

Plaintiff based his case against Eddie on the theory of negligent entrustment. He argues that Eddie knew Joanne did not have a driver's license; that Eddie knew, or should have known, Joanne was intoxicated when she left the bar just before the accident; that Eddie allowed Joanne to drive the car in an intoxicated state; and that all of these are evidence of Eddie's negligence in entrusting the car to Joanne.

We need only say that there is evidence to show that Joanne arrived at the bar after Eddie and left before him. He would not have known she was driving since he would not have seen the car outside the bar. There is also evidence to the effect that Joanne did not drink enough to become intoxicated; and, whether or not she was intoxicated, it is possible for the jury to

find that Eddie was unaware of her condition. Furthermore, there is testimony that Eddie did not know Joanne was unlicensed. In cases where there is conflicting evidence and the trial court has denied a new trial, as it has here, this court will not disturb the verdict for insufficiency of evidence. We can only reverse if there is no competent evidence to sustain the verdict. *First Nat. Bank of Webster v. First Nat. Bank of Mobridge*, 1922, 45 S.D. 335, 187 N.W. 623.

 We note that plaintiff argues in his brief that since SDCL 32-12-72 prohibits allowing an unlicensed person to operate one's automobile, Eddie was negligent *per se*. It is settled law in this state that the violation of a safety statute, unless justified or excused, is negligence *per se*. *Alley v. Siepman,* 1974, 87 S.D. 670, 214 N.W.2d 7; *Bothern v. Peterson,* 1967, 83 S.D. 84, 155 N.W.2d 308. Without deciding whether this rule would apply to Eddie if he did not know Joanne was unlicensed, we point out that the jury was instructed that such entrustment was only evidence of negligence and not negligence *per se*. No objection was made to these instructions, and, in fact, plaintiff's Assignment of Error No. II claims such was only evidence of negligence. Although the rule of law is not stated correctly in this case, these instructions are the law of the case and plaintiff is bound by them unless he excepts. *Schmidt v. Carpenter,* 1911, 27 S.D. 412, 131 N.W. 723.

 Plaintiff also claims that defense counsel's final argument unduly prejudiced the jury. We have already discussed the final argument, but we do not reach that issue here. Plaintiff failed to object to this argument at trial; there is, therefore, no decision of the trial court which we can review on this matter in reference to defendant, Eddie Gruba. See *Application of Heintz,* 1959, 78 S.D. 188, 99 N.W.2d 794.

The orders granting judgment in favor of Eddie Gruba and denying plaintiff's motion for new trial against Eddie Gruba are affirmed.

WINANS, J., concurs.

DUNN, C. J., concurs specially.

WOLLMAN and COLER, JJ., concur in part and dissent in part.

DUNN, Chief Justice (concurring specially).

I concur in the result reached in this opinion; however, I would reverse the judgment n. o. v. for Joanne Gruba on the grounds that the statute of limitations is a personal defense and does not deprive the trial court of jurisdiction on its face and that it may be waived at any time. See SDCL 15-6-8(c) and *Frederickson v. McIntyre*, 1938, 52 Ariz. 61, 78 P.2d 1124. As was stated in *First v. Byrne*, 1947, 238 Iowa 712, 28 N.W.2d 509:

> "It is true of course as a rule that the right to interpose the statute (of limitations) as a defense is a personal privilege of the debtor which he may waive, or omit to avail himself of, if so inclined." 28 N.W.2d at 513-514.

This seems to be the way the statute of limitations defense is viewed in South Dakota. In *Stokes v. Rabenberg*, 1927, 51 S.D. 493, 215 N.W. 492, the question was whether one party could waive objection to a notice for intention to seek a new trial outside the statutory 20-day period. The court considered the 20-day period to be a statute of limitations. "The jurisdiction conferred by a notice of intention timely served is jurisdiction over the person, not of the subject-matter and can be waived. The time in which such notice must be served is a statute of limitations subject to waiver."

In his final argument, the defense counsel stated:

> "As I said, *you can give the plaintiff a verdict against Joanne Gruba in whatever amount you think is right,* if you think that's the right thing to do. I think that the action of Mr. Gruba is understandable and is proper under all the circumstances. *There is no reason that you can't award the plaintiff as much of a verdict as you would award against both defendants if you just give the verdict to the plaintiff against Joanne Gruba.* Mr. Holland made reference to the fact that Mr. and Mrs. Gruba are biased; that they've got the interest in this

> thing, and that the implication was that they haven't
> been truthful. I want to disclose to you something that
> only I have the right to disclose to you; that neither the
> Court nor Mr. Holland would be able to disclose to you,
> and that is the fact that Mr. Gruba and Mrs. Gruba are
> covered by liability insurance, and they don't have a
> monetary interest in this case, as the plaintiff has. So, I
> ask you to keep that in mind; that they have no reason
> to be here coloring their testimony in any matter." (em-
> phasis supplied)

I would hold that the defendant waived her defense of statute of limitations by this statement made openly in court in her presence and in the presence of the court and jury. She should not be permitted to revoke that waiver, relied on by the plaintiff and the jury, in a later motion n. o. v.

This line of reasoning relieves this court of any consideration of the fact that plaintiff's attorney failed to object to improper statements by defendants' counsel at the time they were made or by a later motion for mistrial. He would have no reason to object to defendant's waiver of this defense as it was to his client's advantage.

WOLLMAN, Justice (concurring in part, dissenting in part).

I concur in that portion of the opinion that affirms the judgment entered on the jury verdict in favor of defendant Eddie Gruba, and I dissent from that portion of the opinion that reverses the judgment notwithstanding the verdict entered by the trial court in favor of defendant Joanne Gruba.

In his opening argument to the jury following the reading of the instructions, plaintiff's counsel said:

> "* * * And, consider those facts of these disinterest-
> ed persons. Now when you consider that testimony, pay
> attention to instruction # 16, because that instruction
> tells you that you can consider any interest that a wit-
> ness may have in the outcome of this suit and weigh
> that testimony accordingly. We submit to you that the
> testimony of the Gruba's does not coincide with the

testimony of disinterested people, people who have nothing to gain or nothing to lose in this lawsuit; Ben Karst and his wife and former Sheriff, Herbert Mundt. * * *"

Plaintiff's counsel then went on to discuss the matter of plaintiff's injuries, the amount of his past economic loss and the amount of money that plaintiff's counsel believed would adequately compensate plaintiff for his economic loss and for his past and future pain and suffering.

In reply, defendants' counsel argued, in this order, that:

"* * * The next question, I think, to consider is whether the plaintiff should be awarded a judgment against Joanne Gruba. * * * If you decide that it (the accident) came about because of this act of inadvertence on her part at that time, then you should find for the plaintiff and against Joanne Gruba. We didn't come in here to Court today to tell you that Mr. Arbach hasn't been injured, either. We are not claiming that. * * Let's assume for a moment that you do allow the plaintiff to recover against Joanne Gruba. You would then have to fix, of course, the amount of money that the plaintiff would recover against Joanne Gruba, up to $17,167. * * *"

Defense counsel then went on to attempt to minimize, quite legitimately, plaintiff's economic loss.

When read in the context of the remarks made by plaintiff's counsel in his opening argument to the jury and in the context of the earlier portion of his own argument, the statements made by defendants' attorney as set forth in the majority opinion take on a different meaning. The statement, "As I said, you can give the plaintiff a verdict against Joanne Gruba in whatever amount you think is right, if you think that's the right thing to do," was nothing more than a legitimate appeal by defense counsel that the jury exercise its fair judgment, hopefully in a manner that would result in a conservative verdict for plaintiff or, at the very outside, a verdict in favor of Joanne Gruba.

Likewise, the statement "There is no reason that you can't award the plaintiff as much of a verdict as you would award against both defendants if you just give the verdict to the plaintiff against Joanne Gruba," was a legitimate comment in support of the argument that the law requires that negligence be established on the part of a husband before he can be held liable for injuries caused by his spouse's negligent operation of his automobile and that this was an important principle so far as defendant Eddie Gruba was concerned.

The remaining portion of the argument set forth in the majority opinion was nothing more than an attempt by defense counsel to reply to plaintiff's argument that the jury should consider the interest that the defendants had in the outcome of the suit in weighing their testimony. I would agree that defense counsel should not have interjected the fact of insurance coverage into the lawsuit; as the majority opinion correctly states, our cases have consistently held that the fact of liability insurance has no part in the trial of a negligence action. However, plaintiff's counsel did not object at the time the argument was made, and I would hold that it is now too late to raise the question of prejudice.

Instruction number 11 informed the jury that each of the defendants was entitled to a fair consideration of his own defense and stated that "* * * You will decide each defendant's case separately, as if each were a separate lawsuit." There is no indication in the record that the jury did not follow this instruction. Indeed, by affirming the judgment in favor of defendant Eddie Gruba, we are implicitly acknowledging that the jury did follow this instruction. It follows from this that plaintiff could not have suffered any prejudice even if defense counsel's argument could fairly be described as "playing fast and loose with the court," a characterization that is unwarranted when the arguments of counsel are read in their entirety.

It was entirely proper for defense counsel to try to restrict the verdict to that defendant on whose behalf he thought he had the stronger legal ground on which to secure post-verdict relief. Plaintiff's counsel recognized the fact that defendant Joanne Gruba might ultimately prevail on her defense of the statute of

limitations and accordingly argued to the jury in rebuttal that the jury should return a verdict against both defendants.

The majority opinion states that the result might well have been different had the jury known that this court had already held the statute of limitations to be a valid defense in the case at hand and that the jury relied upon the implied promise that a verdict against Joanne Gruba would be covered by insurance. This seems to imply (1) that the jury would not have followed the instructions of the court had they known about the statute of limitations defense, and (2) that the jury did not follow the instructions of the court. I would reject both of these propositions.

What I have said above also applies to the theory of waiver as expressed in Chief Justice Dunn's concurring opinion.

The argument on which plaintiff prevails on appeal was presented to the trial court shortly after the trial. I would give the trial court's decision rejecting this argument great weight, coming as it did from one who had had the vantage point of hearing the arguments of counsel in their full perspective and context.

I join in Justice Coler's dissenting opinion.

COLER, Justice (concurring in part, dissenting in part).

I would affirm the trial court both in sustaining the jury finding for Richard Arbach and the judgment n. o. v. for Joanne Gruba.

I agree with the Chief Justice that it should be decided solely on the question of the jurisdiction of the court over the person of Joanne Gruba. I do not agree, however, that she has in any manner waived the question of jurisdiction by appearance and participation in trial of the case. This is not the effect proposed by SDCL 15-6-12(b) when adopted. This rule, while it did away with prior rule SDC 1939, § 33.0817, did not do away with the right to at all times save the defense of lack of jurisdiction over a party. See Revisor's Note following SDCL 15-6-12(b) and *Crossman v. Contractors Rigging & Erection*, 1972, 86 S.D. 448,

198 N.W.2d 51. Defendant, Joanne Gruba, did everything she could to preserve that claim and indeed once again at the close of the trial and before the matter was submitted to the jury her attorney restated his motion to dismiss based upon the running of the statute of limitations.

The case of *Behrens v. Baldenecker* cited in the majority opinion may well stand for a situation of misinforming the court as to a question of fact but there is nothing in this record to mislead the trial court into believing that there may have been proper and timely service on Joanne Gruba. I agree with Justice Wollman that the conduct here could certainly not amount to "playing fast and loose" with the court.

Had the trial court granted the motion to dismiss, at any one of the several times that it was made, the error complained of in the majority opinion and on which the Chief Justice might find waiver would never have occurred and that act of defense counsel, if it was a waiver, should not relate back to deny a legitimate motion timely made.