D & H THERAPY ASSOCIATES

v.

Jeffrey MURRAY.

No. 2002–249–Appeal.

Supreme Court of Rhode Island.

May 9, 2003.

Merrill J. Friedemann, Providence, for Plaintiff.

Raymond A. Lafazia, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS and GOLDBERG, JJ, and WEISBERGER, C.J. (Ret.).

## OPINION

PER CURIAM.

The defendant, Jeffrey Murray, appeals from a summary judgment entered in the Superior Court in favor of the plaintiff, D & H Therapy Associates. We heard oral arguments from counsel for the parties on April 1, 2003, pursuant to an order which directed that the parties show cause why the issues raised should not be summarily decided. Upon hearing the arguments of counsel and examining the memoranda filed by the parties and the record of the proceedings below, we conclude that cause has not been shown and that the case should be decided at this time. We deny the defendant's appeal.

In October 1992, plaintiff filed a complaint in District Court for $6,202.50 for unpaid physical therapy services provided for defendant. The case was removed to the Superior Court, which in 1993 granted plaintiff's motion for partial summary judgment concerning defendant's liability. The only issue remaining concerned the amount of damages. The plaintiff moved for summary judgment on the damages issue, and the Superior Court heard arguments on the motion on February 19, 2002. The Superior Court justice subsequently granted plaintiff's motion, ordering defendant to pay the $1,864.70 still unpaid on the bill, plus $1,862.45 in interest and $149 in costs. The defendant appealed.

■ We review *de novo* a decision to grant summary judgment, applying the same criteria as the motion justice. *Heflin v. Koszela*, 774 A.2d 25, 29 (R.I.2001). We affirm the judgment only when a review of the evidence in the light most favorable to the nonmoving party reveals that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. *Id.*

■ The plaintiff submitted to the Superior Court an affidavit in support of its motion for summary judgment on the matter of damages. The affiant was Robin Dolan (Dolan), a licensed physical therapist, who was the director of rehabilitation

services and a partner in D & H Therapy Associates. Dolan said that the prices plaintiff charged were fair and reasonable. In fact, Dolan previously had given testimony on behalf of defendant concerning the charges for his treatment in which she also attested to their fairness and reasonableness. This testimony supported defendant's federal court action for damages resulting from the motor vehicle accident which had given rise to defendant's need for physical therapy. In that action, defendant also submitted the entire bill as evidence to support his claim for damages. The federal action subsequently was settled for $400,000.

The only evidence defendant put forth in the motion to deny summary judgment currently before us was his own affidavit stating his opinion that plaintiff's prices were unreasonably high and that he was billed for some services that he never received. This testimony, however, directly contradicted the testimony Dolan had given on defendant's behalf in his federal action. Having vouched for that testimony and for the reasonableness and accuracy of the bill in the federal proceeding, we hold that defendant is estopped from disputing such evidence in the matter before us now.

The defendant asserts that he never actually saw the bill for plaintiff's services until after his counsel introduced it in evidence, and that his counsel's actions therefore should not estop defendant from challenging the bill. However, we long have held that counsel, in the management of litigation, serves as agent for the client, and that the client therefore may be bound by the actions of his attorney. *Rosa v. Oliveira*, 115 R.I. 277, 287, 342 A.2d 601, 606 (1975); *McLyman v. Miller*, 52 R.I.

374, 375, 161 A. 111, 112 (1932); *see also In re Quiles*, 262 B.R. 191, 197 (Bankr. D.R.I.2001) (a client's credibility problems may not be excused by blaming the attorney, by whose actions a debtor is bound).

■ By invoking judicial estoppel in this case, we recognize the rich history of this doctrine, driven by the important motive of promoting truthfulness and fair dealing in court proceedings. *See, e.g., Finley v. Kesling*, 105 Ill.App.3d 1, 60 Ill.Dec. 874, 433 N.E.2d 1112, 1118–19 (1982) (judicial estoppel prevents a witness from contradicting, while testifying under oath, his testimony in a proceeding before a court of another state); *Behrens v. Baldenecker*, 76 S.D. 327, 77 N.W.2d 917, 919 (1956) (judicial estoppel prevents a party from "playing fast and loose with the courts"); *Yarber v. Pennell*, 443 S.W.2d 382, 385 (Tex. Civ.App.1969) (judicial estoppel prevents a party from asserting "a contention which would be diametrically opposed to his previously asserted position"); *Gray v. Fitzhugh*, 576 P.2d 88, 91 (Wyo.1978) ("the doctrine of judicial estoppel * * * prohibits a litigant from playing fast and loose with the courts; a party will not be allowed to maintain inconsistent positions in separate judicial proceedings"). Unlike equitable estoppel, which focuses on the relationship between the parties, judicial estoppel focuses on the relationship between the litigant and the judicial system as a whole. 28 Am.Jur.2d *Estoppel and Waiver* § 34 (2000). The United States Supreme Court has noted that "[b]ecause the rule is intended to prevent 'improper use of judicial machinery,' * * * judicial estoppel 'is an equitable doctrine invoked by a court at its discretion.'" *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 1815, 149 L.Ed.2d 968, 977–78 (2001)

(quoting *Konstantinidis v. Chen*, 626 F.2d 933, 938 (D.C.Cir.1980) and *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir.1990)). One of the primary factors courts typically look to in determining whether to invoke the doctrine in a particular case is whether the "party seeking to assert an inconsistent position would derive an unfair advantage * * * if not estopped." *Id.* at 751, 121 S.Ct. at 1815, 149 L.Ed.2d at 978; *Scarano v. Central R. Co. of New Jersey*, 203 F.2d 510, 513 (3rd Cir.1953).

■ Courts often inquire whether the party who has taken an inconsistent position had "succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'" *New Hampshire*, 532 U.S. at 750, 121 S.Ct. at 1815, 149 L.Ed.2d at 978 (quoting *Edwards v. Aetna Life Insurance Co.*, 690 F.2d 595, 599 (6th Cir.1982)); *see also Wabash Grain, Inc. v. Smith*, 700 N.E.2d 234, 237 (Ind.Ct.App.1998). Here, the evidence defendant offered in the federal case did not influence a final judgment because the case was settled before a verdict was given or judgment entered. Nonetheless, defendant's use of the bill and of Dolan's testimony in establishing his tort damages no doubt influenced the settlement figure, which obtained court approval.

It is axiomatic that one should not present into evidence a bill that one does not believe to be accurate when the very admissibility and usefulness of the bill hinges on its accuracy. The defendant here should have formed his opinion of the bill before his counsel submitted it as evidence and presented Dolan to testify as to its fairness and reasonableness. Having submitted the bill and produced the witness in one tribunal, defendant should not be heard to deny the truthfulness of that bill and the testimony of that witness in a subsequent proceeding. We cannot allow a litigant who has taken advantage of evidence presented as truthful in one forum thereafter to challenge the veracity of that evidence for his added benefit. Having eaten his cake, defendant may not renounce its calories.

Because we hold that the defendant cannot challenge the bill or the Dolan affidavit, no genuine issues of material fact remain and the plaintiff is entitled to judgment as a matter of law. Accordingly, plaintiff was entitled to summary judgment.

We thus deny and dismiss the defendant's appeal. We affirm the judgment of the Superior Court, to which we remand the papers in this case.