NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

GEORGE AYALA, *Petitioner*,

*v.*

THE HONORABLE SCOTT MINDER, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge*,

STATE OF ARIZONA, *Real Party in Interest*.

No. 1 CA-SA 24-0083
FILED 06-04-2024

---

Petition for Special Action from the Superior Court in Maricopa County
No. CR2017-108561
The Honorable Scott Minder, Judge
The Honorable Jennifer E. Green, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

---

COUNSEL

Grand Canyon Law Group, Mesa
By Eva R. Fa'alogo and Angela Poliquin
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Christine Davis
*Counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Maria Elena Cruz and Judge Cynthia J. Bailey joined.

---

**M c M U R D I E**, Judge:

¶1        George Ayala seeks special action relief from the superior court's denial of his petition to seal criminal records. We accept special action jurisdiction but deny relief.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In 2017, Ayala's wife reported to the police that she had had an argument and physical altercation with Ayala. At first, she stated that Ayala kicked her, broke through their bedroom door, and forced her to have nonconsensual sexual intercourse. The couple's children witnessed parts of the incident. Eventually, Ayala's wife recanted her story.

¶3        Ayala pled guilty to unlawful imprisonment, a Class 6 Undesignated Felony and a domestic violence offense. This was Ayala's third domestic violence conviction. The court placed Ayala on supervised probation for three years.

¶4        The next year, Ayala petitioned for early probation termination and requested that the court reduce the conviction to a misdemeanor. Ayala submitted evidence that he completed counseling sessions and parenting and behavior workshops and participated in self-help programs. The court discharged Ayala from probation and designated his conviction as a Class 1 Misdemeanor. Ayala later applied to set aside the conviction and restore his firearms rights, which the court granted.

¶5        Ayala also petitioned to seal his conviction records. The State objected, arguing that sealing the records was not in the public's best interests, and there was no record that Ayala completed his probation terms. The court ordered the Department of Public Safety ("Department") to submit a report within 60 days detailing Ayala's criminal history and any other information that could assist the court's determination. The court's order directed the Department to submit the report to the "Criminal Court Administration."

**¶6**         One month later, the court ruled on the petition. First, it found that Ayala's petition was statutorily eligible for consideration. *See* A.R.S. § 13-911(A), (E). The court found that Ayala completed all terms of his sentence and stated it had "reviewed any report provided by the [Department] under A.R.S. § 13-911(H)." But the court denied the petition and found that granting the petition was "**not** in the best interests of the petitioner or the public's safety" because of the "[n]ature of the offense" and "danger to community."

**¶7**         Ayala moved for reconsideration. In the motion, Ayala did not argue that the Department failed to compile a report as directed nor that the court ignored the Department's report. On the issues raised, the superior court denied the reconsideration motion. Then, Ayala petitioned this court for special action relief.

## DISCUSSION

### A.     We Accept Special Action Jurisdiction.

**¶8**         We may accept special action jurisdiction when the petitioner has no "equally plain, speedy, and adequate remedy by appeal" and the petition questions whether the court abused its discretion. *See State v. LaBianca*, 254 Ariz. 206, 208-09, ¶ 5 (App. 2022); Ariz. R.P. Spec. Act. 1(a), 3(c).

**¶9**         Ayala cannot appeal the superior court's ruling. This court only has appellate jurisdiction over an order denying a petition to seal the defendant's case if "the sole basis for the appeal is the defendant's eligibility to petition the court." A.R.S. § 13-4033(A)(5); *see also* Ariz. R. Crim. P. 36.1(h). But the superior court found Ayala was eligible to petition to seal, and Ayala only argues that the superior court abused its discretion by denying the petition. *See* Ariz. R.P. Spec. Act. 3(c). Thus, we accept special action jurisdiction.

### B.     The Superior Court Did Not Abuse Its Discretion by Denying Ayala's Petition to Seal.

**¶10**         We review the decision of whether to seal records for abuse of discretion. *See Ctr. For Auto Safety v. Goodyear Tire & Rubber Co.*, 247 Ariz. 567, 571, ¶ 16 (App. 2019). We review statutory interpretation issues *de novo*. *State v. Luviano*, 255 Ariz. 225, 227, ¶ 7 (2023). When we interpret statutes, "we give words their ordinary meaning unless it appears from the context or otherwise that a different meaning is intended." *Id.* at 228, ¶ 10 (citation omitted).

**¶11**　　　　　Arizona Revised Statutes Section 13-911 governs the sealing of criminal records. Certain defendants may petition to seal case records related to criminal offenses. *See* A.R.S. § 13-911(A). The statute lists offenses that are precluded from relief. *See id.* § 13-911(O). Both parties agree that Ayala's unlawful imprisonment offense is not statutorily-precluded. *See id.; see also* A.R.S. § 13-1303.

**¶12**　　　　　A defendant may petition to seal criminal records if he or she (1) completes "all of the terms and conditions of [his or her] sentence," (2) waits the statutory "period of time" after "complet[ing] the conditions of probation or sentence," and (3) is discharged by the court. A.R.S. § 13-911(E). When a defendant petitions, the court must request the Department to submit a report detailing the petitioner's arrests, prosecutions, convictions, and other helpful information for the court's ruling. *Id.* § 13-911(H); Ariz. R. Crim. P. 36.1(d)(5). The court must grant the petition if it "determines that granting the petition is in the best interests of the petitioner and the public's safety." A.R.S. § 13-911(D); Ariz. R. Crim. P. 36.1(f)(2).

**¶13**　　　　　Ayala asserts the superior court abused its discretion by misapplying A.R.S. § 13-911. He claims that because A.R.S. § 13-911(O) precludes specific offense records from being sealed and the statute does not preclude his offense, the superior court erred by denying his petition based on the nature of the offense. Ayala believes that by denying the petition based on the nature of the offense, the superior court "usurp[ed] the Legislature's authority by adding a category to the statute that does not exist."

**¶14**　　　　　Ayala misreads the statute. A court cannot consider a petition to seal case records if the defendant was convicted of a statutorily-precluded offense or sentenced as a dangerous offender. *See* A.R.S. § 13-911(O). This limitation does not mean that the court must always grant the petition if a defendant was convicted of a crime not listed in part (O). The court may grant the petition only if it finds "that granting the petition is in the best interests of the petitioner and the public's safety." *Id.* § 13-911(D). The court is not precluded from considering the nature of the offense—here, a domestic violence crime in front of children—when assessing whether sealing the records is in the public's and the defendant's best interests. *See generally id.* § 13-911.

**¶15**　　　　　Next, Ayala argues the superior court disregarded the circumstances that justify sealing the records. He claims the court erred by ruling on the petition before reviewing the Department's report, which

would have shown Ayala's rehabilitation. Ayala urges us to disregard the court's finding that it reviewed the Department's report because "[t]here is no record in the docket demonstrating that the report had been received or filed."

¶16 We presume that the superior court acted properly unless the record shows otherwise. *Frederickson v. McIntyre*, 52 Ariz. 61, 64 (1938); *see also State v. Trostle*, 191 Ariz. 4, 22 (1997) (citation omitted) (We presume the superior court knows the law and applies it when making decisions.); *Fuentes v. Fuentes*, 209 Ariz. 51, 55-56, ¶ 18 (App. 2004) (We presume the court considered all the admissible evidence.). And Ayala fails to show record evidence refuting the court's statement that it reviewed the Department's report.

¶17 Ayala points out that the court gave the Department 60 days to submit the report, but the court denied the petition a month after the order. Even if the Department had more time to submit the report, this alone does not refute the court's statement that it reviewed the report. The superior court stated it reviewed the Department's report, and we presume it considered the relevant evidence. *See State v. Everhart*, 169 Ariz. 404, 407 (App. 1991).

¶18 That a report is not in the record suggests that the clerk did not file it, not that it was not received and reviewed by the court. *See* Ariz. Local R. Prac. Super. Ct. (Maricopa) 2.18 (Documents are not part of the court's record until they are filed with the Clerk of the Superior Court.). As noted above, the court ordered the Department to submit the report to the Criminal Court Administration. Criminal Court Administration is not the Clerk of the Superior Court, and the clerk would not have received a report sent to court administration. *Compare* Ariz. R. Sup. Ct. 93 (Court Administrator), *with* Ariz. R. Sup. Ct. 94 (Superior Court Clerks). While a better practice is for the superior court to file the Department's report with the clerk after reviewing it, failure to do so does not mean that a report was not prepared or submitted to the court.

¶19 Finally, Ayala asserts the record does not support the court's finding that he is a danger to the community. He claims the court's denial of his petition contradicts the court's prior orders discharging him from probation, reducing his offense to a misdemeanor, setting aside his conviction, and restoring his firearm possession rights. He states that the court would not have granted this prior relief if he threatened public safety.

¶20     But the superior court was within its discretion to find that sealing the records was not in the public's best interests. *See* A.R.S. § 13-911(D); *see also Ctr. For Auto Safety*, 247 Ariz. at 571, ¶ 16. Ayala is correct that there is evidence supporting his rehabilitation. Still, the court could reasonably find that sealing the records would pose a danger to the community based on Ayala's history of domestic violence convictions. We cannot say the court abused its discretion.

## CONCLUSION

¶21     We accept jurisdiction but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:     AGFV